CALLANAN v. THE COUNTY OF MADISON.

1. **Statute of Limitations:** TAXES ERRONEOUSLY PAID. A cause of action for the recovery from the county of taxes illegally assessed, and paid in ignorance of that fact, accrues at the very moment of payment, and the action is barred after the lapse of five years from that time.

2. ———: ———. It is not necessary that the tax be adjudged to be illegal before the cause of action shall accrue.

*Appeal from Madison Circuit Court.*

·FRIDAY, APRIL 6.

ACTION to recover for money paid in the purchase of certain lands sold by the treasurer of Madison county in 1864 for the taxes of prior years. The tax sale was made to plaintiff's grantor, and it has been found that the lands were not subject to taxation. The defendant, in its answer, sets up that the title acquired by plaintiff under the tax deed was or has become valid, and pleads, as a further defense, that the action is barred by the statute of limitations. The cause was submitted to the court without a jury, upon an agreed statement of facts, and judgment was rendered for defendant. Plaintiff appeals.

*Barcroft, Given & Drabelle,* for appellant.

*Byram Leonard,* for appellee.

BECK, J.— I. The land was sold for taxes in 1864; the action was commenced in 1874. We are first required to determine whether plaintiff's claim is barred by the statute of limitations. Actions of this character are barred in five years from the time the

1. STATUTE of limitations: taxes erroneously paid.

causes thereof accrued. Code, § 2529, par. 4. When did plaintiff's cause of action accrue?

Plaintiff bases his right to recover upon Rev., § 762 (Code, § 870), which provides that, "In all cases where any person shall pay any tax, interest or costs, or any portion thereof that shall thereafter be found to be erroneous or illegal, * * * * * * the board of supervisors shall direct the treasurer to refund the same to the tax payer."

The cause of action accrues under this provision at the very moment of payment of the taxes, if at that time the tax paid was erroneous or illegal. The right of the plaintiff and liability of the county do not depend upon future acts to be done or suffered by either — their relation as creditor and debtor is fixed by the illegality of the tax. If it be illegal or erroneous plaintiff has a right of action at the very time of payment, for the county had no right to receive the money and held it from the first subject to plaintiff's claim. The proposition, to our minds, need but be stated to receive assent.

II. Plaintiff's counsel, however, insists that under the language of the section above cited some affirmative act must be had to fix the time at which plaintiff's right of action accrued. They rely upon these words of the statute, viz: "When any person shall pay any tax * * that shall, thereafter, be found to be erroneous or illegal," etc. They insist that the tax must be *found* to be illegal or erroneous. By this they mean that the error or illegality must be adjudged to exist, in some proper proceeding. As the illegality of the tax in question was not so adjudicated until within five years of the commencement of the action, recovery is not barred. But no such meaning can be attached to the language. If such had been the legislative intention words would have been used capable of such an interpretation. Those before us are not. The meaning of the language is clearly this: the supervisors shall, when it appears that the tax was erroneous or illegal, direct the treasurer to refund the same. It is used to prescribe the duty of the board of supervisors, and requires them to exercise investigation and official action to determine the fact of the county's liability. It can-

Callanan v. The County of Madison.

not be claimed that no liability existed before such action. The supervisors are to ascertain the liability, and when it is found by them are to order payment to be made in discharge thereof. If they find the liability, it must have had an existence; if it existed, plaintiff's cause of action also existed. The cause of action accrued when the liability first had an existence, and, as we have seen, that was the moment the money was paid for illegal or erroneous taxes.

If plaintiff's cause of action did not accrue, according to plaintiff's view of the case, until the illegality or error in the tax had been adjudicated, these results would have followed: 1. His cause of action would not accrue until he brought an action to recover the lands. This he has not done. His action has not accrued, and therefore he cannot recover, for no man can recover on a cause of action that has not accrued. 2. Or his cause of action would not accrue until after an action for the taxes is brought. But here is the same result, he cannot recover in such action because his cause of action has not accrued. 3. Or he must bring an action without a claim to recover, in order to settle the legality of the tax. But the law will not countenance such unnecessary multiplication of suits. 4. The action to determine the legality of the tax may be brought by another plaintiff against the county, or in a suit between other parties the question may be determined. But the plaintiff in the first case, and both the plaintiff and defendant in the second, would not be bound by such proceedings. The absurd results in all these cases show the unsoundness of plaintiff's position.

We conclude that plaintiff's action was barred by the statute of limitations.

The conclusion we reach renders the determination of the question involving the validity of the title acquired by plaintiff under the tax sale and deed unnecessary.

The judgment of the Circuit Court is

AFFIRMED.