46 183
d107 475

46 183
112 330

## CUMMINGS v. EASTON.

1. **Taxation:** TAX UPON PERSONALTY: LIEN. A tax upon personalty becomes a lien upon real estate acquired by the tax payer subsequent to the assessment.

2. **Tax Sale:** NEGLECT OF TREASURER. It is the duty of the treasurer to bring forward and enter opposite the realty an unpaid tax upon personal property, and where he fails to do so a sale of the land for taxes is invalid as against one who has in the meanwhile acquired a lien thereon.

*Appeal from Winneshiek District Court.*

MONDAY, JUNE 11.

THE petition states that previous to April, 1871, certain taxes were assessed against one Burr, on personal property

which he on that day exchanged for certain real estate, which was then conveyed to him; that in December, 1873, Burr sold and conveyed the land to Richardson; that in January, 1874, the plaintiff loaned Richardson $2000, to secure which a mortgage was executed on said premises; that shortly thereafter Richardson departed this life, and his estate is wholly insolvent, and said land is not of the value of over $1800; that said tax was duly entered on the tax lists against said Burr for the year 1871, but the same was not carried forward upon such lists for any subsequent year until after plaintiff loaned said money and took a mortgage therefor, and which was so taken without any notice of said tax, although plaintiff caused a careful abstract of the title of said lands to be prepared, and caused the tax lists for 1873 to be examined, which did not contain or show any delinquent tax against said Burr or the land; that afterward said tax was brought forward and entered against said land and the same was sold to the defendant.

The petition asks that the sale be declared invalid and that said tax, penalty and interest be declared not to be a lien on said land.

To this petition there was a demurrer, which being overruled, defendant appeals.

*M. P. Hathaway*, for appellant.

*John T. Clark & Co.*, for appellee.

SEEVERS, J.—I.   There being no difference between the statute in force previous to the adoption of the Code, so far as the subject matter in controversy is concerned, and the Code, the citations herein made will be to the latter as being the more convenient.   Sec. 865 provides that "taxes upon real property are made a perpetual lien thereon,      *      *      *      *      and taxes due from any person upon personal property shall be a lien upon any real property owned by such person, or to which he may acquire a title."

Without doubt, we think, the tax on personalty against

Burr became a lien on the land which he acquired subsequent
1. TAXATION: to the assessment. Taxes assessed and levied on
tax upon personalty: lien: real property are made a perpetual lien, and, as
the personal property tax is made a lien only, it is insisted
that the latter may become extinct before the former, or in
other words that the latter does not adhere to and follow the
land as closely, so to speak, and may be displaced by matters
subsequent more readily than the former.

We, however, do not feel called upon to determine this
question; as it is an important one it will be in ample time to
do so when the occasion arises.

II.   Section 845 of the Code is as follows: "The treasurer,
on receiving the tax books for each year, shall enter upon the
2. TAX SALE: same in separate columns, opposite each parcel of
neglect of
treasurer:   real property or person's name, on which, or
against whom, any tax remains unpaid for either of the pre-
ceding years, the year or years for which such delinquent
tax so remains due and unpaid.   And any sale for the whole
or any part of such delinquent tax, not so entered, shall be
invalid."

It is insisted that it was not the duty of the treasurer, under
this section, to bring forward the tax in question, because it
was not assessed against the land, but was only a lien thereon,
nor was it a tax against Richardson, the owner of the land, and
therefore it could not properly be entered on the tax list oppo-
site his name.   We, however, are not disposed to adopt such
a narrow and technical construction.   The meaning and plain
intent of the statute is, that if a personal property tax is a
lien on land it shall be brought forward and entered on the
lists from year to year, opposite each parcel of real estate, so
that purchasers and all other persons may have notice and act
accordingly.   This is eminently just, for in no other way
can there be any protection afforded.   This is well illustrated
in the present case.   The plaintiff caused an abstract to be
prepared, and, not content with this, caused the tax lists of
the previous year, 1873, to be examined.   The tax in question
was on the lists for 1871, and not even on said lists was it
entered against the land.   To require a party to examine all

the tax lists for any preceding year and search for not only delinquent taxes against the land, but also for delinquent personal property taxes assessed against each owner before he owned the land, is more than should be required, unless there is a clear, distinct and unequivocal expression of the legislative will, establishing such rule in unmistakable terms.

As we construe the foregoing section of the Code, this sale is invalid and of no force and effect, and to this extent at least the ruling below is correct. It is unnecessary to determine whether a lien exists or not. What we do determine is that it cannot be enforced by a sale of the premises.

AFFIRMED.