The Iowa Railroad Land Co. v. Woodbury County.

1. **Taxes Erroneously Exacted and Paid:** DUTY OF COUNTY TO REFUND. Where taxes are erroneously exacted and paid, as contemplated by § 870 of the Code, it is the duty of the supervisors to order the county treasurer to refund the same, not out of the general county fund, but out of the several funds to which the tax was apportioned when collected; but where an order to refund was refused, and an appeal was taken therefrom to the district court, *held* that the court properly refused to enter judgment against the county for such portions of the taxes as had been collected by the county treasurer for road and school districts, and paid over at the times provided by law, without proof that there remained

in the treasury funds belonging to such districts which could properly be applied to the satisfaction of the judgment.

### Appeal from Woodbury District Court.

### FRIDAY, JUNE 13.

ACTION to recover certain taxes illegally and erroneously collected, as is alleged, from plaintiff. Plaintiff obtained judgment in the district court for a portion of the amount claimed, but the court denied it relief as to the balance of the claim. Plaintiff appeals.

*Joy, Wright & Hudson*, for appellant.

*George W. Wakefield*, for appellee.

REED, J.—In the year 1879, and prior thereto, plaintiff was the owner of a large number of tracts of land in Little Sioux township, Woodbury county. Being dissatisfied with the rate at which these lands were assessed for taxation in 1879, it appeared before the township board of equalization, and asked for a reduction of the assessment, and, this request being denied, it appealed to the circuit court. The appeal was not determined until the August term of 1881, when the court ordered a reduction of fifteen per cent of the assessment. While the appeal was pending in the circuit court, plaintiff paid the full amount of taxes assessed against said land for the years 1879 and 1880. After the circuit court ordered the reduction of the assessment, plaintiff applied to the board of supervisors for an order for the refunding of the fifteen per cent of the amount so paid, which was refused, and this action is brought to recover that amount.

The answer alleges that plaintiff's appeal from the action of the board of equalization was not taken until long after the assessment had been returned to the county auditor, and approved by the board of supervisors acting as a board of equalization, and was not docketed in the circuit court until

August, 1880, and that the county was never made a party to the appeal, or to the proceedings in the circuit court.

It is also alleged that a portion of the amount paid by plaintiff under said assessment was road taxes, levied on the land by the township in which it was situated, and another portion was taxes voted by certain independent districts in said township for their school-house, teachers and contingent funds, and that said road and district taxes were paid by the county treasurer to the township clerk and the district treasurers before said appeal was determined, and before any claim was made by plaintiff to have them refunded. The allegations with reference to the district and road taxes were established on the trial, and plaintiff's claim for the amount of these taxes was disallowed by the district court. This ruling is assigned as error, and this assignment raises the only questions relied on by appellant for the reversal of the judgment. The road and district taxes were collected by the county treasurer for the township and independent districts; and the county in its corporate capacity derived no benefit or advantage from them. It did not appropriate them to its own use, or pay them out for any of the public purposes for which it may appropriate public funds.

The county treasurer is authorized to collect them, but they are collected for the public organizations which are authorized by law to disburse them, and not for the county. It would seem that the county ought not, under any general principle of the law, to be held accountable for them. If plaintiff has any remedy, then, against the county for the injury here complained of, it must be found in some provision of the statute. Sec. 870 of the Code is relied on as affording such remedy. The section provides that the board of supervisors shall direct the treasurer to refund to the tax-payer any tax or any portion of a tax found to have been erroneously or illegally exacted or paid; and we are to determine whether, on the facts proven, this section furnishes the remedy which plaintiff seeks by this action to enforce.

The language of the section is not ambigious. The right created and the duty imposed are both clearly expressed. To the tax payer the right is given to have any tax which has been erroneously or illegally exacted from him repaid to him, and the duty is imposed on the board of supervisors to direct the refunding of such tax when it is found to have been erroneously or illegally collected.

It is the tax which has been illegally or erroneously exacted which is to be refunded. The clear meaning of this is that the money which is to be returned to the tax payer is to be taken from the particular fund or funds into which the illegal tax went when it was collected. The section clearly does not impose on the county the burthen of paying any portion of such taxes out of its general funds, except the amount thereof which has gone into that fund. The county is not made liable for any portion of the tax illegally or erroneously collected, except the amount which is collected for its use. But the duty imposed on the board of supervisors is to order the treasurer to refund to the tax payer, from each of the separate funds for the benefit of which the tax was collected, the amount thereof which is found to have been illegally or erroneously exacted from him. And any judgment rendered against the county on account of the collection of such tax should be satisfied by moneys taken in proper proportion from the several funds into which the tax went when collected.

It is manifest from these considerations, we think, that no judgment could be rendered against the county on account of taxes illegally or erroneously collected for any of the public organizations or corporations for whose benefit the county treasurer collects taxes, without proof that there remains in the treasury funds belonging to such organization or corporation, which could properly be applied to the satisfaction of such judgment. It was proven on the trial that the treasurer had paid over to the township clerk and the treasurers of the several independent districts, at the times provided by law, the whole amount of the road and district taxes paid by

plaintiff on the lands in question, and there was no evidence that any money remained in the treasury belonging to these funds. We think, therefore, that the district court properly rejected plaintiff's claim for these items. This conclusion is supported by the following cases adjudicated in this court: *Butler v. Board of Supervisors,* 46 Iowa, 326; *D. M. & M. R. R. Co. v. Lowry,* 51 Id., 186; *Stone v. Woodbury Co.,* Id., 522. Some things are said in *Lauman v. Des Moines Co.,* 29 Iowa, 310, which seem to be inconsistent with this holding, but we think that case is modified in these respects by the subsequent cases cited above.

AFFIRMED.