THE STORM LAKE BANK v. BUENA VISTA COUNTY.

1. **Tax Sale:** SALE BY MISTAKE WHERE TAX WAS PAID: RECOVERY OF MONEY PAID AT SALE: STATUTE OF LIMITATIONS. Where, by mistake of the treasurer, land is sold for taxes which have previously been paid, the purchaser may, at any time within five years after he discovers the mistake, maintain an action against the county for the money paid by him on such sale. Code, § § 899, 2530. *Callanan v. County of Madison*, 45 Iowa, 561, and *Beecher v. County of Clay*, 52 Id., 140, distinguished. In such case the petition should show that the mistake was discovered by the plaintiff within five years of the beginning of the action.

2. **Practice in Supreme Court:** TRIFLING ERROR IN COMPUTATION. For a trifling error in computing interest, especially where it does not appear that the attention of the trial court was called to it, this court will not modify a judgment otherwise correct.

*Appeal from Buena Vista District Court.*

FRIDAY, APRIL 24.

THIS is an action to recover certain money paid by the plaintiff as a tax-sale purchaser of certain real estate, which it is alleged was sold to it by mistake, the taxes thereon having been previously paid. There was a demurrer to the petition, which was overruled, and, the defendant failing to answer, judgment was rendered for the plaintiff. Defendant appeals.

*Lot Thomas,* for appellant.

*Robinson & Milchrist,* for appellee.

ROTHROCK, J.—I.   The action was commenced on the fifth day of July, 1884, and it is averred in the petition that the plaintiff purchased the real estate at tax sale on the second day of October, 1877, and paid the treasurer the amount of the taxes, costs, and penalties, and took a certificate of purchase of said property, and that in March, 1878, plaintiff paid to the treasurer the taxes upon the property for the year 1877; that prior to said tax sale to the plaintiff the taxes on said real estate had been fully paid, and at the time of said sale and purchase no taxes were due against the same, and the sale was therefore void and of no effect; that said sale was made by the treasurer of the county under the mistaken belief that said taxes were due and unpaid, and that plaintiff first learned that said sale was void on or about July 5, 1880; and that on the tenth day of January, 1884, plaintiff presented to the board of supervisors of the county a claim for the amounts paid under said erroneous sale, and demanded payment of the same, with 10 per cent interest from the date of said payment, which demand was refused.

The demurrer was upon the ground that the cause of action was barred by the statute of limitations. The action was

**1. TAX sale : sale by mistake where tax was paid : recovery of money paid at sale: statute of limitations.** brought under section 899 of the Code, which provides that " when, by mistake or wrongful act of the treasurer, land has been sold on which no tax was due at the time, &ast; &ast; &ast; the county is to hold the purchaser harmless by paying him the amount of principal, interest and costs to which he would have been entitled had the land been rightfully sold. &ast; &ast; &ast;" Actions of this character are barred in five.years from the time the causes thereof accrue, (Code, § 2529,) and the plaintiff paid the money which it seeks to recover back more than five years before the commencement of the action. But section 2530 of the Code provides that, " in actions for relief on the ground of fraud or mistake, &ast; &ast; &ast; the cause of action shall not be deemed to have accrued until the fraud or mistake &ast; &ast; &ast; complained of shall have been discovered by the party aggrieved."

This is an action for relief on the ground of mistake, and it is averred in the petition that the mistake was not discovered by the plaintiff until July 5, 1880, which was within five years of the commencement of the action. Counsel for appellant cites us to the cases of *Callanan v. County of Madison*, 45 Iowa, 561, and *Beecher v. County of Clay*, 52 Id., 140, as decisive of the question under consideration. In the first-named case, the plaintiff sought to recover for taxes paid, which had been illegally assessed, and the action was brought under Revision, § 726, (Code, § 870.) It was not sought to avoid the statute of limitations in that case by section 2530 of the Code. The last-named case was also an action to recover for illegal taxes paid, and recovery was sought under section 870 of the Code. The plaintiff claimed that the cause of action should not be held to have accrued until he discovered that there was no regular levy of the illegal tax. But the action was not founded on the fact that a mistake was made in this respect. It is stated in the opinion that " the *gravamen*, of the complaint is, not that he made a mistake as to the fact of the levy of the taxes, but that he has

paid illegal taxes, which the board of supervisors refuse to order refunded."

In the case at bar, the action is grounded upon the mistaken fact that the taxes had not been paid, and we think that neither of the cited cases affects the question, and that the petition did not show on its face that it was barred by the statute of limitations.

II.   It is claimed that in computing the amount of the recovery an error was made in the interest allowed to the plaintiff.   If there was any error in this respect, it involves so small an amount that we would not feel called upon to modify the judgment.   Besides, it does not appear that the alleged error was called to the attention of the district court.

2. PRACTICE in supreme court: trifling error in computation.

AFFIRMED.