## GARDNER v. EARLY ET AL.

1. **Tax Sale and Deed:** DELINQUENT TAXES NOT BROUGHT FORWARD: SALE INVALID: CODE, § 845. A sale of land for the taxes of 1875, made at an adjourned sale in Feburary, 1877, where the treasurer failed to note in the tax books of 1876 that the taxes of 1875 were delinquent, as required by § 845 of the Code, *held* invalid, following cases cited in opinion. If the sale had been made before the treasurer received the tax books for that year, which was November first, *held* (*arguendo*) that it would have been valid.

2. ——: ——: ——: CONCLUSIVENESS OF DEED. A deed issued pursuant to such invalid sale does not, under § 897 of the Code, estop the holder of the patent title, from asserting that the sale was made in violation of § 845.

3. ——: ——: ——: TERMS ON WHICH DEED SET ASIDE. In such case equity and public policy require that the tax deed should

not be set aside at the suit of the holder of the patent title unless he is willing and offers to do equity; that is, pay the taxes or amount paid by the purchaser. Whether he should pay anything in addition to the taxes is a question which does not arise, and is not considered, in this case.

*Appeal from Sac District Court.*

THURSDAY, JUNE 10.

ACTION to set aside a tax deed because of the invalidity of the sale. A demurrer to the petition was overruled, and the defendants appeal.

*S. M. Elwood, E. R. Duffie* and *Joy, Wright & Hudson,* for appellants.

*Mason & Thomas* and *Cole, McVey & Clark,* for appellee.

SEEVERS, J.—For the purpose of this case the following facts must be conceded: That the plaintiff is the owner of the patent title to the real estate in controversy, and that the taxes thereon for 1875 were unpaid and delinquent; that the county treasurer duly advertised the real estate for sale on the first Monday in October, 1876; that such sale was regularly adjourned until the fifth day of Feburary, 1877, when it was sold for the taxes of 1875, and a certificate of sale issued to the purchaser, in pursuance of which a deed was afterwards duly executed by the treasurer to one of the defendants; that on the first day of November, 1876, the tax-list for that year came into the hands of the treasurer, and he failed to bring forward and enter on said list the tax of 1875. Because of the failure of the treasurer the plaintiff insists that the sale is invalid. The court adopted this view.

I. It is provided by statute that " the treasurer, on

receiving the tax-book for each year, shall enter upon the same, in separate columns, opposite each parcel of real property or person's name, on which, or against whom, any tax remains unpaid for either of the preceding years, the year or years for which delinquent taxes so remain due and unpaid; and any sale for the whole or any part of such delinquent tax not so entered shall be invalid." Code, § 845. When the tax-list was placed in the hands of the treasurer, on the first day of November, 1876, the tax of 1875 was delinquent and unpaid. He therefore was required to enter on the tax book or list for 1876 the fact that the taxes for 1875 were unpaid. This he failed to do, and the consequence of such failure is declared to be that the sale for such taxes shall be invalid. There is no ambiguity in the statute. Its meaning is clear and certain, and leaves no room for construction. The sale is invalid and void, and without force and effect, at the option of the owner of the patent title, for want of power to make it, and yet it may be true that the sale and deed would ripen into a perfect title by reason of the lapse of time. Code, § 902; *Trulock v. Bentley*, 67 Iowa, 602. The power to make the sale is not derived from the tax-list, but from the statute. *Abell v. Cross*, 17 Iowa, 171: *Preston v. Van Gorder*, 31 Id., 250; *Parker v. Sexton*, 29 Id., 421. If no such power can be found in the statute, then it does not exist.

The power to sell is undoubtedly conferred on the treasurer by statute, but, when exercised under the circumstances above stated, the statute in express terms declares the sale to be invalid. This, it seems to us, is an end of the inquiry. At least this court has so held and determined in *Cummings v. Easton*, 46 Iowa, 183; *Hough v. Easley*, 47 Id., 330; *Jiska v. Ringgold Co.*, 57 Id., 630; *Parker v. Cochran*, 64 Id., 757. In view of these decisions, and their conclusiveness, it would seem that nothing more need be said; but as counsel, with great ingenuity and much earnestness, have pre-

**Marginal note:** 1. TAX SALE and deed: delinquent taxes not brought forward: sale invalid: Code, § 845.

sented several reasons why the construction of the statute we understand to have been adopted in the cited cases is not correct, a brief reference thereto may not be inappropriate.

II. It is urged that, if the sale had taken place prior to the first day of November, 1876, it would have been valid. This is undoubtedly true, and therefore it is said by defendants that the power to sell is derived from the tax-list of 1875, and that, as the treasurer had complete jurisdiction and power to make or commence the sale, he had the power to complete it. But, as we have seen, the power to sell is derived from the statute, and he had the power to complete the sale upon compliance with the statute, and not otherwise. When he failed to comply with the statute, his power to sell for the delinquent taxes was abrogated or taken away. It seems to us that an act which the statute declares invalid cannot be said to be authorized or recognized by statute. We do not regard it as material whether the sale is absolutely void or merely voidable. In either case the plaintiff is entitled to have the deed set aside.

III. It is said that the "tax deed issued under this sale estops plaintiff from asserting or claiming that the sale was made in violation of the provision of section 845 of the Code." This is based upon the thought that the deed is made conclusive evidence of the manner of selling the property, and that it was conducted in all respects as directed by law. Code, § 897. As to this we desire simply to say that the deed cannot be regarded as conclusive evidence of a sale which the treasurer had no power to make.

2. ——: ——: ——: conclusiveness of deed.

IV. The plaintiff made no tender, nor is it stated in the petition that he is ready and willing to pay whatever amount may be found due the purchaser at the tax sale, and therefore appellants insist that the demurrer for this reason should have been sustained. It is said, as the tax was legally levied and assessed, and it was the duty of the plaintiff to have paid the taxes,

3. ——: ——: terms on which deed set aside.

that he can only have the deed set aside on condition that he now does that which it was his duty to do. It has been held in a number of cases, where the sale has been held voidable, that the owner must pay the taxes which were legally assessed, as a condition precedent, before the deed will be set aside at his instance. In none of those cases was the deed set aside because the treasurer did not have the power to make the sale. In discussing this question it will be assumed that the taxes at the time of the sale had ceased to be a lien, but it does not follow that, against the owner, no lien could be subsequently acquired by bringing forward the taxes, and entering them in the tax-book for some subsequent year. Be this as it may, the failure to bring forward the taxes clearly did not amount to payment; and, this being so, the owner remained liable to pay the same to the county, and such liability without doubt could have been enforced. Instead of doing this, the land was offered for sale for taxes, which it was the duty of the owner to pay. At such sale, made at the instance of the state and county, a person under whom the defendants claim bid the amount of the taxes due, and became the purchaser, and a deed has been made in pursuance of such sale, which, if valid, vests in the purchaser the title of the owner, and of the state and county. The sale and deed, however, are invalid, but the purchaser has discharged a debt which the owner was bound to pay. The purchaser cannot be regarded as an intermeddler. The taxes were in fact paid by him, and such payment is beneficial to the owner. The deed upon its face is valid, and the plaintiff asks a court of equity to set it aside. This should not be be done unless the plaintiff is willing and offers to do equity; that is, pay the taxes or amount paid by the purchaser. In aid of this well-established rule in equity public policy may be invoked, for the public welfare requires that taxes should be paid, and that, where the owner fails, other persons will do so by purchasing the land when offered for sale by the state and county. The sale is public, and the

presumption must obtain that the owner has, or is bound to have, knowledge of the sale, and he is bound to know whether he has paid his taxes. The purchaser should therefore be protected to the extent that the right obtained should not be set aside except on condition of repayment by the owner, provided the taxes have been legally levied, and have not been paid. We do not feel called upon, and it would be improper, to say what amount the plaintiff must pay, if anything, in addition to the taxes, because such question has not been argued by counsel, and therefore nothing said herein should be regarded as intimating an opinion on this subject.

The judgment of the district court is

REVERSED.