JOHN D. LONSDALE, Administrator, Appellant, v. CAR-
ROLL COUNTY.

**Taxation.** A mistake of the auditor in including in the tax list sent
by him to the treasurer land which is not subject to taxation, as
a result of which the land is sold, is not within Code, 1873, section
899, providing that when, by mistake or by wrongful act of the
"treasurer," land has been sold on which no tax was due, the
county shall hold the purchaser harmless by paying him the
amount of principal, interest and costs to which he would have
been entitled if the land had been rightfully sold, and the "*treas-
urer*" and his bondsmen will be liable on his official bond.

**SAME.** Taxes paid by a purchaser of land at a tax sale after the
purchase are not within Code, 1873, section 899, providing that
when by mistake or wrongful act of the "treasurer" land has been
sold on which no tax was due at the time, the county is to hold
the purchaser harmless by paying him the amount of the princi-
pal and interest and costs to which he would have been entitled
if the land had been rightfully sold.

**Limitation of Actions: TAXES.** The payment of taxes on land belong-
ing to the government and not subject to taxation, under the
belief that the government has parted with its rights to the land,
does not prevent the running of the statute of limitations against
the right to recover the taxes so paid, under Code, 1873, section
2530, providing that in actions for relief on the ground of "mis-
take," the cause of action shall not be deemed to have accrued
until the mistake has been discovered.

**SAME.** A mistake inducing the purchase at a tax sale of land on
which no taxes are due does not, where such mistake is not a
ground for relief of the purchaser, stay the operation of the stat-
ute of limitations, under Code, 1873, section 2530, providing that
in actions for relief on the ground of mistake, the cause of action
shall not be deemed to have accrued until the mistake is discov-
ered.

*Appeal from Carroll District Court.*—HON. CHARLES D.
GOLDSMITH, Judge.

MONDAY, MAY 16, 1898.

THE plaintiff is the administrator of the estate of John Lonsdale, deceased, who died April 26, 1892. In November, 1867, the treasurer of Carroll county offered for sale for taxes the one hundred and sixty acres of land in question, and sold the same to William Bowers, who thereafter paid the taxes on the land for the years 1868 and 1869, and assigned the certificate of purchase to John Lonsdale, who thereafter paid the taxes on the land to and including the year 1878, and on a part of the land for the year 1879. Lonsdale, in October, 1879, sold part of the land to one W. T. Minchen, and in April thereafter sold to him the balance, conveying the same by warranty deed. It is a fact that the land during all those years, and to March, 1892, belonged to the government and was not subject to taxation. In March, 1892, the government sold and conveyed the land to one John P. Minchen. In the purchase of the land by Bowers and by Lonsdale, and in the payment of taxes thereon, they acted under a belief that the land was subject to taxation, and was rightly sold by Carroll county for delinquent taxes due thereon, and the land was conveyed by John Lonsdale to W. T. Minchen under such a belief, and such belief continued to the death of John Lonsdale, and with his administrator, until W. T. Minchen presented a claim against the estate of John Lonsdale, deceased, for damages for a breach of the covenant in his deed of conveyance to W. T. Michen, on which claim there was allowed one thousand, nine hundred and seventy-three dollars and seventy-three cents. It is also averred that the land was assessed by the officers of Carroll county by mistake, and was, by the treasurer of the county sold by mistake. This action was commenced in July, 1894. These facts appear in the petition on which plaintiff seeks to recover, in behalf of the estate, the amount originally paid for the

tax sale certificate, and taxes subsequently paid by both Bowers and Lonsdale, with interest thereon. To the petition there was a demurrer, which the court sustained, and judgment was entered for defendant, from which the plaintiff appealed.—*Affirmed*.

*C. W. Hill* and *S. D. Nichols* for appellant.

*George W. Korte* county attorney, for appellee.

GRANGER, J.—I. It will be seen that the last payment of taxes for which recoverey is sought was made in 1880, and this suit was commenced in July, 1894, and the question is presented by the demurrer whether the action is barred by the statute of limitations, more than five years having elapsed after the payment of the last item and the commencement of the suit. It is conceded that the action would be barred except for section 2530 of the Code of 1873, as follows: "In actions for relief on the ground of fraud or mistake, and in action for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake or trespass complained of shall have been discovered by the party aggrieved." It is urged that this action is for relief on the ground of mistake, so that the section has application. The mistake, as claimed, is that the treasurer sold the land for taxes, as land subject to taxation, when it was not. That the land was not subject to taxation was first known in 1892, when the claim was filed against the Lonsdale estate; so that, if the cause of action is not deemed to have accrued until that time, the action is not barred. It may be well to first settle the provisions of the law under which a recovery can be had, if at all. It is without dispute that there is no common-law right of action;

that, if there is a recovery, it must be a statutory right. *Lindsey v. Boone County*, 92 Iowa, 86. Appellant asserts his right to recover under sections 870 and 899 of the Code of 1873. Both sections are in the chapter providing for the "collection of taxes," and are as follows, so far as they are important:

"870. The board of supervisors shall direct the treasurer to refund to the tax payer, any tax, or any portion of tax found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon."

"899. When, by mistake or wrongful act of the treasurer, land has been sold on which no tax was due at the time, or wherever land is sold in consequence of error in describing such land in the tax receipt, the county is to hold the purchaser harmless by paying him the amount of principal and interest and costs to which he would have been entitled had the land been rightfully sold, and the treasurer and his bondsmen will be liable to the county to the amount of his official bond; or the purchaser, or his assignee, may recover directly of the treasurer, in an action brought to recover the same in any court having jurisdiction of the amount and judgment shall be against him and his bondsmen; but the treasurer or his bondsmen shall be liable only for his own or his deputies' acts."

The recovery sought in this case is for the purchase money paid at the tax sale, and also for money paid as taxes thereafter. It is plain to be seen that section 899 has no reference to the taxes paid after the purchase. It deals alone with sales of land for taxes. Section 870, on the other hand, deals with "taxes erroneously or illegally exacted or paid." As these are the only sections of the statute on which reliance is or could be placed for a recovery, the conclusion is clear that for the money paid at the tax sale,—or, in other words, for the

purchase money,—if a recovery is had it must be under section 899, while as to the other part of the claim it must be under section 870. Confining ourselves, now, to the claim for the purchase money, it is said by appellee that the mistake is not one of the treasurer, but of the assessor and the auditor, as the tax list comes to the treasurer from the auditor prepared, and the statute does not provide for holding the purchaser harmless because of mistakes of the auditor. Appellant urges that such is a narrow construction, and we might be of that view, but for the latter part of the section. The language of the section is, "When by mistake or wrongful act of the treasurer, land is sold," etc., the purchaser shall be held harmless. It is a statutory rule of construction that one part of a statute should be construed in light of another part, and the rule may be profitably applied here. It will be seen from the latter part of the section that for the mistake of the treasurer he is made liable to the county, and others, on his official bond, as well as his bondsmen; and hence, in contemplation of law, it is a violation of his official duty. The tax list goes to the treasurer with the taxes levied, and section 843 of the Code of 1873 provides that the county auditor shall deliver it to him, and take his receipt therefor. It is then provided in the same section: "And such list shall be full and sufficient authority for the county treasurer to collect taxes therein levied." If appellant's construction is correct, and, by construction, the statute is made to include the mistakes of the auditor, then it follows that the treasurer is made liable on his bond for such mistakes,—a conclusion which we think no one would attempt to maintain. But it is said that, even though the mistake in this case was, in the first instance, that of the auditor it was still the mistake of the treasurer, because the land could not be legally sold for taxes. There is force

in the position to this extent: that the sale was wrongful by whomsoever made, because there was no legal authority for it. But that does not meet the difficulty. We are inquiring after a remedy for a conceded wrong, in the sense of a mistake, and, if the statute under consideration does not mean that the liability of the county is for the mistakes and acts of the treasurer alone, then it means that the county must pay because of the mistakes of the auditor; and, although the treasurer has followed the directions of the law, and collected taxes, as provided by the list, the county may look to his official bond for reimbursement. In reason, there could have been no such legislative purpose. It is thought that *Storm Lake Bank v. Buena Vista County*, 66 Iowa, 128, supports appellant's theory, but it does not deal with the question. In that case the mistake was that of the treasurer. So far as we know, this particular question has never been determined by this court. We might not differ from appellant in the view that there is as much reason for relief when such mistakes are made by the auditor as when made by the treasurer, but we must keep in mind that the purpose of the statute is to create a remedy, rather than take from or abridge a remedy previously existing; and hence that which is not given does not exist. As we hold that the mistake inducing the purchase is not a ground of relief for plaintiff, it did not have the effect to stay the operation of the statute of limitations, so that the action for the purchase money should not be deemed to not have accrued till the mistake was discovered.

II. We now look to the part of the claim for the taxes paid after the purchase. There is no doubt but that these taxes were erroneously and illegally exacted and paid, so that the law gave to plaintiff the right to have them refunded by a timely and proper proceeding. From the last payment of such

taxes to the commencement of this suit was about fourteen years, and we reach the question again if there is such a mistake as will arrest the operation of the statute of limitations until the mistake is discovered.  Plaintiff's right, if not lost on this branch of the case, is to have the money refunded if erroneously or illegally exacted or paid, whether by mistake or otherwise, under section 870, before referred to.  We do not see how to distinguish this case on principle from *Beecher v. Clay County*, 52 Iowa, 140.  That was a case to compel the refunding of taxes illegally collected by virtue of the same statute, and more than five years after payment had elapsed, and the statute of limitations was invoked. It was there claimed, also, that the statute had not run because of section 2530.  In that case the illegality of the tax consisted in the absence of a record levy of the taxes, and the court found that the plaintiff had no actual knowledge of the fact.  This court held that section 2530 had no application; that it was not an action for relief on the ground of mistake; that the gravamen of the complaint was the payment of illegal taxes; and that the ignorance of the fact that there was no levy was a mere incident, and not the foundation of the cause of action.  Why is not this case the same? Here the action is to recover taxes illegally paid.  The mistake is as incidental in one case as in the other.  In both cases the mistake is as to the facts rendering the taxes illegal. The foundation of both actions is the payment of illegal taxes.  We regard the cases, on principle, as without distinction.  As an original proposition, the writer of this opinion would not concur in the rule of the *Clay County Case.*  I think the spirit and meaning of section 2530 is best subserved by holding that when a mistake induces the act which is the foundation of the action, the mistake is the ground of relief within the

meaning of the section; otherwise it is difficult to understand how a mistake could ever be a ground of relief *Storm Lake Bank v. Buena Vista County* is in no sense against our conclusion. That was a case under section 899 to recover purchase money at a tax sale, and the mistake was that of the treasurer. It refers to and distinguishes the *Clay County Case*. It seems to us that on the face of the petition the cause of action is barred by the statute. of limitations, and. the judgment will stand AFFIRMED.