The Sioux City & St. Paul Railway Company, Appellant,
v. The County of O'Brien, F. C. Wheaton, County
Auditor of O'Brien County, *et al*, Appellees.

Action to Recover Taxes Paid: STATUTE OF LIMITATIONS: APPLI-
1    CABLE IN EQUITY,    The statute of limitations is applicable to
suits in equity, as well as actions at law.

Same:    WHEN STATUTE COMMENCES TO RUN.    In an action against
2    a county to recover money paid to redeem government land
from a tax sale, the statute of limitations commences to run at
the date the money was paid, and not at the date such land is
declared by court to be government land.

Same:    PAYMENT BY MISTAKE:    DISCOVERY OF.    The contention of
3    plaintiff that the land was sold and tax paid under a mutual
mistake which was not "discovered" until the same was ad-
judged government land is not sustained, and it is not such a
"discovery" as is contemplated by Code section 3449.

*Appeal from O'Brien District Court.*—Hon. F. R. Gaynor,
Judge.

Friday, December 19, 1902.

Action to recover from the county of O'Brien the
amount of certain taxes alleged to have been mistakenly
paid by the plaintiff. A demurrer to the petition having
been sustained, the plaintiff appeals.—*Affirmed.*

*Milt H. Allen* and *W. P. Jewett* for appellant.

*A. J. Walsmith* and *W. D. Boies* for appellees.

Weaver, J.—Plaintiff, claiming to be the owner of
certain lands, redeemed them from a tax sale. At the
time the redemption was made, there was pending in the
courts a suit brought against plaintiff by the United States
to s t aside the patents upon which plaintiff's title was

based, and declare said lands a part of the ungranted public domain. Thereafter, on October 21, 1895, said litigation was terminated by the decision of the court of last resort, confirming the title in the United States, and declaring void the title claimed by the plaintiff. In September, 1900, more than five years after the redemption from tax sale, and a little less than five years from the final decision of the supreme court (16 Sup. Ct. Rep. 17, 433, 40 L. Ed. 177, 583), of the United States settling the disputed title, this suit was brought to recover the money paid by plaintiff in making said redemption, alleging as a ground for such recovery that the lands were not liable or subject to taxation, and that the assessment, the levy of the taxes, the sale by the treasurer, and redemption by plaintiff, had been done or occasioned by and through the mutual mistake of the taxing officers and of the plaintiff, and that such mistake was not discovered until the announcement of the final decision of the court, October 21, 1895. The demurrer to the pe ition states, among other grounds, that plaintiff's claim is barred by the statute of limitations, and to this point the arguments of counsel have been chiefly directed.

I. Appellants' first proposition is that, as this is an action of equitable cognizance, the statute of limitations is not applicable. While the petition is entitled in equity, it is, to say the least, open to serious doubt

1. STATUTE of limitations: applicable in equity.

whether the cause of action stated is of equitable jurisdiction. But even if it be conceded that plaintiff may be heard in equity, the general rule is well settled that the statute of limitations is applicable to both forms of action. *Phares v. Walters*, 6 Iowa, 106; *Relf v. Eberly*, 23 Iowa, 467; *Williams v. Allison*, 33 Iowa, 278; *District Tp. of Spencer v. District Tp. of Riverton*, 62 Iowa, 30: *Bacon v. Chase*, 83 Iowa, 530; *Adams v. Holden*, 111 Iowa, 54.

II. It is next said that, if the limitation be held to apply in equitable actions, it did not begin to run in the present case until the mistake was discovered. This claim is based on the statute (Code, section 3448), which provides that in actions for relief on the ground of fraud, mistake, or trespass, the cause of action shall not be deemed to have accrued until such fraud, mistake, or trespass has been discovered by the party aggrieved. The question here presented we had occasion to consider in *Lonsdale v. Carroll County*, 105 Iowa, 452,—a case in all essential respects parallel with the one at bar,—and there reached a conclusion adverse to the position taken by the appellant. This is substantially conceded in argument, and counsel vigorously deny the correctness of the reasoning and the application of the authorities made use of in announcing that decision. We think it unprofitable to enter upon a rediscussion of this question, and have only to say that we find no sufficient reason for overruling the case referred to.

*2. SAME: when statute commences to run.*

It may, however, be said of the argument now advanced that the case of *Iowa City v. Johnson County*, cited by appellant from 61 N. W. Rep. 995, is not to be considered a precedent in this controversy. After that opinion was announced, a rehearing was granted therein, and upon further examination the appeal was dismissed for want of jurisdiction. See 99 Iowa, 513. Under such circumstances, the opinion having been, in effect, suspended or withdrawn for a rehearing, and the court having found itself without jurisdiction, the language there employed can in no proper sense be quoted as the official pronouncement of the court. Moreover, even as an original proposition, we think the showing made by plaintiff is insufficient to bring it within the benefit of the statute relied upon. The so-called "discovery" of its mistake was neither more nor less than the knowledge which comes to every unsuccessful litigant,—the

*3. SAME: payment by mistake: discovery of.*

discovery that he is unable to convince the court of the righteousness of his cause.     The result may be a disappointment, or even a surprise, but can hardly be classed as a "discovery," within the meaning of the statute.   To say nothing of what the plaintiff ought to have known as to the amount of lands it had earned under the grant, and of the fact that it had received a large quantity in excess of its rightful demands, and conceding, for the sake of the argument, that such excessive certification was accepted under a mistaken view of its legal rights, yet before the lands were sold for taxes the United States had called such mistake to the notice of plaintiff, and had begun suit to have the title established in the general government.   The redemption from the tax sale was made while that suit was still pending, and with full knowledge of the possibility, at least, that the title of the United States would be confirmed, and that in such case the lands would not be taxable.   Plaintiff had at that time already "discovered" and was fully cognizant of every essential fact in the case, but was willing to risk the amount of the taxes upon its judgment as to the final outcome of the controversy,—a mistake which men have been making in lawsuits and other hazards since the beginning of time.   It knew exactly what it was doing, and the chances it was taking. If by any sort of reasoning it can be said that these taxes were erroneously or illegally exacted or paid, within the meaning of Code, section 1417, the right to demand repayment arose at once, and the statute of limitations was put in motion.   The running of the statute does not wait until the illegal character of the tax has been judicially determined.   See *Callaman v. Madison County*, 45 Iowa, 562, 563; *Scott v. Chickasaw County*, 53 Iowa, 47.

Our conclusions upon this question being decisive of the appeal, it is unnecessary for us to consider others.

The judgment of the district court is AFFIRMED.

LADD, C. J., taking no part.