F. E. WATKINS, Appellant, v. S. E. COUCH, Treasurer, Buena Vista County, Iowa, F. F. FAVILLE, Receiver Farmers & Merchants Bank of Linn Grove, Iowa, and A. J. WILSON, Receiver First National Bank of Storm Lake.

**Taxation:** LISTING OF PERSONS AND PROPERTY. There is no legal re-
1  quirement that the auditor enter upon the tax list the names of
owners of property in alphabetical order, or that all taxes due
from one person appear at one place on the tax list; so that the

validity of the assessment or lien is not affected by the failure of the auditor to so prepare his list.

**Taxation:** DELINQUENT PERSONAL TAXES: PRESERVATION OF LIEN. To preserve the lien of delinquent personal property taxes it is not necessary under the present statutes that they be brought forward each year and entered in the delinquent personal tax record, but when once entered in such record they remain a lien until paid or legally cancelled.

*Appeal from Buena Vista District Court.*—HON. A. D. BAILIE, Judge.

THURSDAY, APRIL 8, 1909.

THE plaintiff acquired lot 13 and the north half of lot 14, in block 51, Storm Lake, February 20, 1904, of W. E. Brown, on which personal property taxes had been levied. As the county treasurer threatened to sell the lots at tax sale, he was restrained from doing so in a suit by plaintiff on several grounds stated in the petition. On March 9, 1905, a supplemental petition was filed, in the first two counts of which it was alleged that certain personal taxes of Brown had not been entered on the delinquent personal tax list between October 1 and December 31, 1904, and in the third count that taxes levied on bank stock had been entered thereon as in "S. L. City," and did not show where the property was located. A demurrer to the last count was sustained and to others overruled. The parties elected to stand on the ruling, and on July 6, 1905, the third count was dismissed. On appeal the order of the district court was approved. *Watkins v. Couch,* 134 Iowa, 1. Upon remand to the district court, plaintiff on November 2, 1907, filed an amendment to the original petition, alleging that in the tax list of 1903 the names of owners of property had been arranged in alphabetical order, and that the taxes in controversy were not opposite Brown's name as it appeared among the names beginning

with "B," but that under the name "First National Bank of Storm Lake," after descriptions of real estate, appeared opposite the word "stockholders" the names of divers persons, and opposite that of Brown was a notation of the taxes in controversy. The plaintiff also filed a second supplemental petition, alleging that the treasurer had omitted to bring forward and enter said taxes on the delinquent tax list since 1894, and for this reason the taxes had ceased to be a lien on the property. The county treasurer answered by putting in issue the allegations of the original petition and supplemental petition, admitting the allegations of the second supplemental petition, and pleaded the ruling of the court mentioned as an adjudication of the issue raised by the last supplemental petition. On hearing the petitions were dismissed, and plaintiff appeals.—*Affirmed.*

*Milchrist & Scott,* for appellant.

*A. L. Whitney,* for appellee.

LADD, J.—Neither section 1383 of the Code as originally enacted nor as amended by the Thirtieth General Assembly (Laws 1904, chapter 50) required the county auditor to enter on the tax list the names of owners of real or personal property in alphabetical order. The mere fact that an auditor may do so for the convenience of himself or the county treasurer will not invalidate the lien of personal taxes under other provisions of the Code owing to an omission to list in the name of the owner under the proper letter. Thus taxes were levied on different properties of Brown. His name appeared in the column of names beginning with "B," with certain personal taxes opposite his name. In the column of names beginning with "F" was the name of the First National Bank of

1. TAXATION: listing of persons and property.

Storm Lake, and after the entry of its real estate, opposite the word "stockholders," the names of divers persons (including Brown's) were entered with the taxes opposite their respective names.   As the statute did not exact the entry of the names in alphabetical order or that all the taxes due from a person appear at one place, the validity of the assessment or lien was in no wise affected by the irregularity in the execution of the method adopted by the county auditor.   See *Parker v. Cochran,* 74 Iowa, 757. Moreover, section 1387 of the Code expressly provides that no informality therein shall affect the validity of proceedings for the collection of taxes.

II. The taxes were properly entered in the delinquent personal tax list prior to December 31, 1904, as was adjudicated in the ruling on the demurrer approved by this court in *Watkins v. Couch,* 134 Iowa, 1. At that time the lots on which the taxes were a lien had been advertised for· sale to pay them, and, but for the writ of injunction being sued out by plaintiff in this action, would have been sold.   Thereafter they were not re-entered on the delinquent personal tax list, and for this reason appellant contends that they ceased to be a lien on the realty.   Under section· 1389 of the Code, in order to effect and continue the lien, it was necessary for the treasurer to place on the tax list received from the auditor each year all previous delinquent personal property taxes.   *Jiska v. Ringgold Company,* 57 Iowa, 630; *Gardner. v. Early,* 69 Iowa, 42; *Nicodemus v. Young,* 90 Iowa, 423.   But that section was repealed by the Twenty-Eighth General Assembly (chapter 48), and the sections appearing in the Code Supplement of 1902, enacted in lieu thereof.   Section 1389a:   "The treasurer shall, after October first, and before December thirty-first, of each year, enter in a book to be kept in his office as a part of the records thereof, to be known as the delinquent personal tax list, all delin-

2. DELINQUENT PERSONAL TAXES: preservation of lien.

quent personal taxes of any preceding year." Section 1389b: "Such entry of tax on delinquent personal tax list shall give the names of delinquents alphabetically arranged, with the amounts of tax and for what year or years, and where property was located when assessed." Section 1389c: "Personal tax entered on delinquent personal tax list, as provided in sections 1 and 2 of this act, shall constitute a lien on any real estate owned or acquired by any such delinquent and so remain until the same has been paid or legally canceled and taxes not so entered for each year shall cease to be a lien." The manifest design of the Legislature in changing the law was to avoid incumbering the tax list of each year, and to provide a convenient and accessible record of delinquent personal taxes without repetition after once being entered. The taxes of any previous year are to be placed in the book kept for that purpose, and in such a manner as to show the year levied and the location of the property. But for the former statute, exacting the bringing forward of all delinquent personal taxes for preceding years every year on the tax list, it would hardly be contended that the above sections exact a re-entry of delinquent taxes placed on the delinquent personal tax list each year, even though possibly open to a different construction. After being properly entered for the particular year, why write them in again? When so entered as expressly declared in the last of the above section, they continue a lien on the realty of the person against whom assessed "until paid or legally canceled?" This construction of the statutes renders it unnecessary to consider the plea of former adjudication interposed by defendant.—*Affirmed.*