DEBORA M. HAYES, Appellant, v. F. V. KEMP, County Treasurer, et al., Appellees.

DECEMBER 14, 1928.

*Genung & Genung,* for appellant.

*Whitney W. Gillilland,* for appellee.

WAGNER, J.—The plaintiff is the mother and sole heir at law of T. A. Hayes, deceased, who, at the time of his death, was the owner of certain real estate. The personal property tax of the said T. A. Hayes assessed for the years 1916, 1918, 1919, 1920, and 1923 was not paid. The county treasurer, after October 1, 1917, and before December 31, 1917, entered in the delinquent personal tax list, as required by our statutory law, the amount of the delinquent tax for the preceding year. This was also done with reference to the delinquent personal property taxes of said decedent for the subsequent years hereinbefore mentioned,—the entry in the delinquent personal tax list being made, in each case, between the first day of October and the thirty-first day of December of the succeeding year. The said delinquent personal tax list gives the names of the delinquents, alphabetically arranged, and the amount of the delinquent tax, and the location of the property when assessed. The delinquent tax is entered therein only once, and is not brought forward from year to year to the current year,—that is, the delinquent personal property tax list is not made out anew each year, and prior delinquencies brought forward into it.

The county treasurer, claiming that the aforesaid delinquent taxes were a lien upon the real estate owned by the decedent at the time of his death, advertised said real estate for sale at the annual tax sale, to be held on the 7th day of December, 1926. The plaintiff, claiming that said delinquent personal property taxes were not a lien upon the real estate, brought this action against the county treasurer, to enjoin the sale of the real estate for said delinquent taxes. Upon trial, the court dismissed plaintiff's petition upon its merits, and rendered judgment against the plaintiff for the costs. From this action by the trial court, the plaintiff has appealed.

It is the appellant's contention that said delinquent personal taxes do not constitute a lien upon the real estate, for the reason, as claimed, that said delinquent personal property tax was not carried forward in the delinquent personal tax list by the county treasurer from year to year to the current year. The answer to

the problem presented for our solution is found in Sections 1389-a, 1389-b, and 1389-c of the 1913 Supplement to the Code (now Sections 7190, 7191, and 7192 of the Code of 1927), and the construction which this court has previously placed thereon in *Watkins v. Couch,* 142 Iowa 164. The statutory law provides:

"Section 7190. Delinquent personal tax list. The treasurer shall, after October first, and before December thirty-first, of each year, enter in a book to be kept in his office as a part of the records thereof, to be known as the delinquent personal tax list, all delinquent personal taxes of any preceding year.

"Section 7191. Record—contents. Such entry of tax on delinquent personal tax list shall give the names of delinquents alphabetically arranged, with amounts of tax and for what year or years, and where property was located when assessed.

"Section 7192. Lien on real estate. Personal tax entered on delinquent personal tax list, as provided in the two preceding sections, shall constitute a lien on any real estate owned or acquired by any such delinquent, and so remain until the same has been paid or legally canceled, and taxes not so entered for each year shall cease to be a lien."

The aforesaid statutory law has not been changed since the time of our pronouncement in *Watkins v. Couch,* supra; and we there held that, in order to preserve the lien of delinquent personal property taxes, it is not necessary that they be brought forward each year and entered in the delinquent personal tax record, but that, when once entered in such record, they remain a lien until paid or legally canceled.

Section 7203 of the Code provides:

"Taxes due from any person upon personal property shall, for a period of ten years after December thirty-first following the levy, be a lien upon any and all real estate owned by such person or to which he may acquire title."

All of the taxes mentioned in the decree of the trial court fall within the ten-year period mentioned in the aforesaid statute.

Our pronouncement in *Watkins v. Couch,* supra, is controlling in the determination of the question now before us. Said delinquent taxes having been once properly entered upon

56

the delinquent personal tax list, said tax constitutes a lien upon the real estate owned by the decedent; and since the ten-year period of limitation provided in Section 7203 of the Code has not expired, the county treasurer was within his rights in seeking to collect the amount of said delinquent personal property taxes by a sale of the real estate.

The action of the trial court in dismissing plaintiff's petition for an injunction and in rendering judgment against her for the costs was correct, and the same is hereby affirmed.— *Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.