CHARLES A. SCHOENWETTER, Appellee, v. FRED OXLEY et al., Appellants.

No. 40614.

NOVEMBER 24, 1931.

H. C. Meyer, County Attorney, and Frank W. Senneff, for appellants.

I. C. Hastings and Senneff, Bliss, Witwer & Senneff, for appellee.

MORLING, J.—A tax for the year 1926 was levied upon bank stock belonging to H. C. Armstrong, who was the owner of a tract of land in the same county. The land was subject to a

mortgage. The personal property tax was not paid. It was not entered on delinquent personal tax list for the year 1926, or any subsequent year. The mortgage was foreclosed by decree entered November 28, 1927. The land was sold to plaintiff at tax sale December 5, 1927, for the non-payment of this personal tax. In 1929 this suit in mandamus to compel refund of the amount paid at tax sale (also for subsequent real estate taxes paid, as to which no question is here involved) was brought. The district court decreed that the tax sale was invalid and that the defendant county treasurer should refund the amount paid thereon and cancel the certificate.

I. Defendants' first contention is that plaintiff has an adequate remedy at law and mandamus will not lie. Section 7235, Code, 1927, provides:

"The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid * * *."

The tax was not merely for the benefit of the county but for the benefit of the State and numerous municipalities. The treasurer collected it not merely for the county but for the State and municipalities among whom the amount collected may have been distributed. The purpose of the statute in requiring the board of supervisors to direct the treasurer to refund is that the amount refunded may be taken from and charged against the various funds to which it was distributed. Hence mandamus is the proper remedy. Commercial National Bank v. Supervisors, 168 Iowa 501; Steele v. Madison County, 198 Iowa 902; Iowa Railroad Land Co. v. Woodbury County, 64 Iowa 212.

II. Defendants urge that plaintiff is not a taxpayer, within the meaning of Section 7235, but a tax sale purchaser, and is, therefore, not entitled to the remedy provided by that section. This court held in Parker v. Cochran, 64 Iowa 757, 760:

"We have been unable to discover any reason why the legislature should have made a distinction between a case where taxes have been erroneously paid by a tax sale purchaser, on a sale which should not have been made for such taxes, because

not carried forward, and one where the taxes themselves were illegal from their inception. In either case, the payment made by the tax sale purchaser is an erroneous payment. In either case, the land owner is entitled to redeem before deed, by paying simply the taxes for which the land was properly sold, and penalty and interest thereon, and, in either case, the other taxes paid should be refundable to the purchaser from the county treasury. We hardly think, indeed, that it would be denied by any one that if the plaintiff had, before deed, redeemed from the taxes of 1876, the other taxes would, under the first part of the section above cited, have been refundable as taxes erroneously paid. If this is not so, we are unable to see that a tax purchaser would have any remedy for such taxes, and we cannot think that the design was to leave him remediless.

"Having reached the conclusion that the words 'erroneously paid,' as used in the first part of the section, are applicable to a payment like the one in question, we have to say that we think that it follows that the words 'such erroneous tax,' used afterward, must be held to mean any tax erroneously paid, as first provided. While the taxes in question were not of themselves erroneous, they became, we think, essentially such, so far as the attempt to make a sale thereon was concerned. In determining the meaning of particular words of a statute, we must often have reference to the context and the general scope of the statute, and we cannot assume that every word is used with strict accuracy."

■ Defendants argue that this is dictum. We are of the opinion that the matter discussed was involved in the question to be determined. The pronouncement was that of the court, and not merely the random remarks or argument of the judge rendering the opinion. The pronouncement has stood unchallenged as the law of the state and been accepted as such for nearly fifty years. We see no good reason for now questioning its correctness. State ex rel. Marsh v. Brookhart, 113 Iowa 250.

■ III. Defendants contend that the personal property tax became a lien under Section 7203, Code, 1927, on December 31, 1926; that no action or omission of the treasurer's could divest such lien; that Section 7203, being a subsequent enactment, repealed Section 7192. Defendants concede that prior to

the adoption of Section 7203 it was necessary that personal property taxes should be extended and carried forward.

Sections 7190, 7191, 7192 (the latter section repealed by Forty-third G. A., Chapter 200) were in force at the time of the levy and sale, and read as follows:

"7190. "The treasurer shall, after October first, and before December thirty-first, of each year, enter in a book to be kept in his office as a part of the records thereof, to be known as the delinquent personal tax list, all delinquent personal taxes of any preceding year."

"7191. Such entry of tax on delinquent personal tax list shall give the names of delinquents alphabetically arranged, with amounts of tax and for what year or years, and where property was located when assessed.

"7192. Personal tax entered on delinquent personal tax list, as provided in the two preceding sections, shall constitute a lien on any real estate owned or acquired by any such delinquent, and so remain until the same has been paid or legally canceled, and taxes not so entered for each year shall cease to be a lien."

It was provided by the act of 1860 (Revision 1860, Section 759) "and taxes due from any person upon personal property shall be a lien upon any real property owned by such person, or to which he may acquire a title." This with changes in details has been the law since 1860. By Chapter 178, Forty-second G. A., the present Section 7203, Code, 1927, was adopted, providing:

"Taxes due from any person upon personal property shall, for a period of 10 years after December 31st following the levy, be a lien upon any and all real estate owned by such person or to which he may acquire title. At the expiration of said period said lien shall cease. This section shall apply to all taxes on personal property whether levied prior or subsequent to July 4, 1927."

By Section 1389, Code, 1897, and previous statutes, the treasurer was required to bring forward "opposite each parcel of real estate or person's name on which or against whom any tax remains unpaid for any preceding year * * *."

By Section 845, Code, 1873, it was provided:

"The treasurer, on receiving the tax book for each year, shall enter upon the same in separate columns, opposite each parcel of real property or person's name, on which, or against whom, any tax remains unpaid for either of the preceding years, the year or years for which such delinquent tax so remains due and unpaid. And any sale for the whole or any part of such delinquent tax, not so entered, shall be invalid."

This court with respect to tax on personalty said in Cummings v. Easton, 46 Iowa 183, 185:

"It is insisted that it was not the duty of the treasurer, under this section, to bring forward the tax in question, because it was not assessed against the land, but was only a lien thereon, nor was it a tax against Richardson, the owner of the land, and therefore it could not properly be entered on the tax list opposite his name. We, however, are not disposed to adopt such a narrow and technical construction. The meaning and plain intent of the statute is, that if a personal property tax is a lien on land it shall be brought forward and entered on the lists from year to year, opposite each parcel of real estate, so that purchasers and all other persons may have notice and act accordingly. This is eminently just, for in no other way can there be any protection afforded."

The statute was made more definite by Chapter 48, Twenty-Eighth G. A., which required the treasurer to keep a delinquent personal tax list. The personal taxes entered upon it were declared to constitute a lien on any real estate owned or acquired by such delinquent. The act also required the treasurer to bring forward the amount of unpaid taxes upon real estate. Defendants' contention is that Section 7203, being a later enactment (Forty-Second G. A., Chapter 178, supra), by implication repeals Section 7192; or if not, that it rendered Section 7192 directory rather than mandatory. This contention cannot be sustained. The statutes consistently make taxes due upon personal property and entered upon the personal tax list a lien upon real estate. When so entered they continue a lien. Watkins v. Couch, 142 Iowa 164.

Repeals by implication are not favored. State ex rel.

534

Shaver v. Iowa Telephone Co., 175 Iowa 607, 623. Effect will be given to all statutes on the same subject if possible. Repeal by implication will not be adjudged if it can reasonably be avoided. Casey v. Harned, 5 Iowa 1, 9. The personal property tax for 1926, for which the sale in controversy was made, became delinquent from the first day of April, 1927; or if for only the latter half of the tax, from the first day of October. Code, 1927, Section 7211. As the tax was not extended upon the delinquent tax list it ceased to be a lien. The tax sale in the subsequent December was therefore void. Gardner v. Early, 69 Iowa 42; Cummings v. Easton, 46 Iowa 183; Sac County Bank v. Hooper, 77 Iowa 435.

IV. Defendants further argue that the action is premature because neither Armstrong nor his mortgagee nor defendants have claimed any invalidity in the sale and plaintiff cannot raise that question until he has suffered a loss. The plaintiff paid his money for the tax sale certificate but acquired thereby no lien or right in the land which the treasurer undertook to sell to him. His cause of action accrued when he paid his money for the certificate. Callanan v. Madison County, 45 Iowa 561; Sioux City & St. P. Ry. Co. v. O'Brien County, 118 Iowa 582; Lonsdale v. Carroll County, 105 Iowa 452.

It is affirmatively shown that the tax sale and the certificate issued to plaintiff are void. There is no room for the presumption of their validity suggested by defendants.—Affirmed.

FAVILLE, C. J., and EVANS, KINDIG and GRIMM, JJ., concur.