F. L. HOLLERAN et al., Appellees, v. H. J. TOENNINGSEN et al.,
Appellants.

TAXATION:   Lien—Loss of Lien—Failure to Bring Forward Delin-
quent Tax.   Failure of the county treasurer to bring forward on
the tax books a delinquent tax against real estate automatically
*removes the lien and the right to sell the property for such tax,*
even though in subsequent years the tax is brought forward.
So held as to municipal assessments for paving.   (Sec. 1389-d,
Code Supp., 1913.)

*Appeal from Clinton District Court.*—J. L. HORAN, Judge.

SATURDAY, JANUARY 20, 1917.

THE opinion states the case.—*Affirmed.*

*W. E. Hayes, A. A. Woolfsperger, L. F. Sutton,* for ap-
pellants.

*F. L. Holleran,* for appellees.

WEAVER, J.—The facts involved in this litigation are
somewhat complicated, and are at some points obscurely
stated in the record, but do not seem to be in serious dispute.
Briefly as practicable, they are as follows:
On May 30, 1893, the city council of Lyons,
now a component part of the city of Clinton,
ordered the paving of South Sixth Street in
that city, and the cost thereof was specially assessed upon
abutting property, of some of which plaintiff and interven-
ers are owners.   The property on which the assessments were
levied constituted what is known in the record as District
No. 3.   The city pursued the plan of making assessments
payable in installments, and on faith of such levy issued
bonds payable from the proceeds of such assessments.   Prior
to the year 1896, Charles Osborn and other owners of prop-

TAXATION:
lien: loss of
lien: failure to
bring forward
delinquent tax.

erty subjected to such assessments instituted an action in equity in the district court of Clinton County, to have the same adjudged illegal and void, and to forever enjoin and restrain the collection thereof. To this action, the city and its council and treasurer were made defendants, and appeared and contested the same. On March 2, 1896, a decree was entered in said action finding the assessments null and void and granting the relief prayed. An appeal was prosecuted to this court and the decree of the district court affirmed, December 18, 1897. *Osborn v. City of Lyons,* 104 Iowa 160. Some or all of the bonds referred to issued by the city were negotiated, and came into the ownership of the Burlington Savings Bank of Vermont. In the year 1902, said bank began an action in the district court of the United States for the northern district of Iowa against the city of Clinton, naming as codefendants therein the individual owners of property in said District No. 3. In that action a decree was rendered against the city of Clinton for $7,072.21, to be paid in five equal annual installments, with interest and costs. Said decree was, however, made subject to the condition expressed therein, that the amount of said recovery therein provided for against the city should be—

"Payable only out of a fund to be raised from a tax to be assessed and levied by the city council of the city of Clinton upon the real estate abutting upon Sixth Street in the former city of Lyons, now annexed and incorporated in the city of Clinton, extending from the intersection of Main Street in said former city of Lyons south to the south line of the incorporated limits of the former city of Lyons (now Clinton), being the property abutting upon and benefited by the street improvement in Paving District No. 3, in said former city of Lyons, such assessment to be so levied, within ninety days from the date hereof, and made in proportion to the feet frontage on such street, provided, however, the whole or any part of said assessment may be paid without interest by said abutting property holders within sixty days from the

date of said assessment. All payments heretofore made by any of said abutting property owners shall be taken as full or partial payment, as the case may be, of the assessment levied against them.''

Thereafter, in October, 1902, after notice to the property owners, but not within the period of 90 days, the city council did proceed to levy a special assessment on the property in District No. 3, as directed in the decree of the Federal court. The assessment was made payable in five installments, the last falling due in the year 1906. A considerable proportion of the property owners have never paid these assessments. In October, 1908, the city treasurer, at the direction of the city council, certified the unpaid assessments to the county treasurer, to have collection thereof made or enforced. The county treasurer entered the same on the tax list for 1908 and, at the tax sale following, offered the property for sale without securing bids therefor. In making up the tax books for the following year, 1909, the delinquent assessments, including those here in controversy, were not carried forward into such books, as required by the statute, Code Section 1389, nor were they advertised or offered for sale that year. In the year 1910, and again in 1911, said assessments were brought forward upon the tax books, but the property was not sold, for want of bidders. In 1912, the property was again offered for sale, and struck off to L. F. Sutton, or to him as agent for A. A. Woolfsperger. This action was thereupon begun in equity to restrain the issuance of certificates of such tax sale to the purchaser or purchasers, and to quiet the title of the property owners against further claim of right or lien under or by virtue of such alleged assessment or tax. This petition is based upon several grounds, among which are: (1) That the Federal court was without jurisdiction to enter the decree requiring such special assessments to be made; (2) that the assessments were never certified to the county auditor by the city clerk, as provided by law (Code Section 902), but by the city treasurer, whose

act in so doing was without authority and of no effect; (3) that, by the failure to bring forward the delinquent assessments upon the tax books for the year 1909, the lien thereof became extinct, and a subsequent sale of the property therefor was invalid; and (4) that, as payment of these assessments fell due in installments covering the years 1902 to 1906, all had been due and payable more than five years at the time of the sale in 1912, and their collection was barred by the statute of limitations. It is unnecessary to set out the answer, as the arguments of counsel are made to turn upon the soundness of the legal propositions advanced by plaintiff upon the facts already recited, as to which there is no controversy. On the trial below, the court found against plaintiff on the matter of jurisdiction in the Federal court to order the assessment, and upon the sufficiency of the certification by the city treasurer; but sustained the other two propositions, grounded upon the failure to bring the delinquent assessments forward upon the tax books of 1909, and upon the failure to make the collection or the sale of the property within five years after the assessments were due and payable. While there may be fair room for argument whether the jurisdiction of the Federal court was sufficiently broad to authorize it to order or require the city to levy a special assessment on property within its limits otherwise than in the manner provided by the laws of the state, and while it is by no means free from doubt that a certification of the assessments by the city treasurer to the county auditor, instead of by the city clerk, as the law provides, is a negligible irregularity, yet, having reached the conclusion that the court was right in sustaining the plaintiff's contention in other respects, we shall pass those questions without decision. Upon the effect of the statute of limitations, as well as of the failure to bring forward the delinquent assessments upon the tax books, the case of *Fitzgerald v. City of Sioux City*, 125 Iowa 396, 403, would seem to be decisive. The statute which makes it the duty of the treasurer to bring forward delinquent taxes pro-

vides that, unless such tax is so brought forward and entered, it shall cease to be a lien upon the real estate upon which the same was levied. Code Section 1389. The admitted failure in this respect operated, therefore, to automatically remove the lien, and, the lien once lost, the right and authority to sell the property for its enforcement was lost with it. The fact that in a subsequent year the county treasurer assumed to again enter the assessment upon his books against the property could not operate to restore to life a lien which, by the terms of the statute, had theretofore ceased to exist. The case of *Fisk v. City of Keokuk*, 144 Iowa 187, cited and relied upon by appellant, decides an issue arising upon the construction of the special charter of the city of Keokuk, and has no bearing upon the case before us. We are satisfied with the result reached by the trial court, and the decree appealed from is—*Affirmed.*

GAYNOR, C. J., EVANS and PRESTON, JJ., concur.