W. E. WALLACE, Appellee, v. FRED W. GILMORE, Treasurer of Iowa County, et al., Defendants; CITY OF MARENGO, Appellant.

No. 41412.

SEPTEMBER 26, 1933.

Frank F. Messer, for appellant.

Wallace & Claypool, for appellee.

DONEGAN, J.—This is an action in equity in which the plaintiff sought to enjoin the defendant city of Marengo, Iowa, and the county treasurer from advertising, offering to sell, or selling certain real estate in the city of Marengo, Iowa, for the purpose of collecting certain special assessments levied thereon, and asked that such special assessments be canceled and that plaintiff's title to such real estate be quieted as against any alleged claim or lien thereon because of such special assessments. The grounds for such relief were that all of said special assessments were delinquent prior to the year 1927, and that the treasurer of Iowa county had failed to enter such delinquent special assessments upon the tax list opposite the description of said real estate with the amount remaining unpaid thereon, and did not advertise or offer for sale or sell said real estate to collect such special assessments, and that, by reason thereof, such special assessments had ceased to be a lien upon said real estate; that said real estate was sold by the treasurer of Iowa county, for delinquent taxes at the regular tax sale in 1927, after all said special assessments had become delinquent, and that plaintiff had redeemed said real estate from such tax sale; and that all of said special assessments had been delinquent for more than five years prior to the commencement of this action, and the lien of such special assessments has ceased to exist by reason of the statute of limitations. For answer the defendants pleaded a general denial

and, in addition thereto, alleged that such assessments had been duly and legally levied for street improvements and constituted a lien against the said real estate until paid; that the then owner, E. J. Sullivan, had signed a waiver of all objections to said assessments and agreed to pay the same, which constituted a contract lien against said real estate; and that the records of the treasurer of Iowa county had been kept in the books and in the manner as provided by law.

Upon the trial of the case the court found for the plaintiff and entered a judgment and decree declaring that the said real estate was not subject to any lien on account of the said special assessments, enjoining the defendants from advertising or selling or attempting to sell said real estate to enforce collection of such special assessments, and quieting title in plaintiff. From this judgment and decree the defendant city of Marengo, Iowa, appeals.

The facts of the case are that, during the year 1920, E. J. Sullivan was the owner of the real estate against which the special assessments in question were levied. These special assessments were for three separate street improvements, were included in three separate levies which were made by the city council in August, September, and October, 1920, respectively, and were certified to the auditor of Iowa county, Iowa, by the city clerk of the city of Marengo, Iowa, on the 1st day of November, 1920.

Thereupon, the county auditor prepared a list which included the special assessments involved in this case and other special assessments of the city of Marengo, Iowa, and certified it to the treasurer of Iowa county, Iowa, on the 9th day of November, 1920. This list included separate columns above which were the following headings: "Name of owner", "Description", "Date of acceptance", "Amount of tax", "Waivers signed or remarks", "First payment due", "Second payment due", "Third payment due", "Fourth payment due", "Fifth payment due", "Sixth payment due", "Seventh payment due", "Interest", "Date paid", and "Receipt No.". The name of the owner, E. J. Sullivan, the description of the respective lots or parcels of real estate, the date of acceptance of the improvement, and the amount of the tax for each lot or parcel were written in the appropriate columns under the designations above referred to. Under the heading "Waivers signed or remarks" there was written the word "Yes". Under the heading, "First payment due" was written the figures "3-1-21", and opposite these figures the

amount due on the first payment for each separate lot or parcel described. This list also showed the amount due on each lot or parcel for the second to seventh installments, inclusive.

No part of these special assessments chargeable to the land then owned by E. J. Sullivan and now owned by the plaintiff was ever paid. On the 31st day of December, 1921, the county auditor of Iowa county certified to the county treasurer of said county the tax list containing all taxes levied against the taxpayers of the city of Marengo for the year 1921. A like list was certified by the county auditor to the county treasurer for the years 1922 to 1930, inclusive. The said tax lists for the years 1921, 1922, 1923, 1924, 1925, 1926, and 1927 all showed the description of the real estate involved herein, and contained data in reference to the regular taxes thereon; but none of these tax lists contained any entry showing the unpaid special assessments against said real estate or any part of it, or having any reference to such unpaid and delinquent installments of said special assessments.

On the 5th day of December, 1927, the real estate involved in this action, against which such special assessments had been levied and no part of which had then been paid, was sold at the regular tax sale and a tax certificate of purchase was issued to J. H. Lewis, the purchaser. On the 3d day of June, 1931, the property in question was redeemed from such sale by the present owner, W. E. Wallace, plaintiff herein. On the 23d day of March, 1927, a quitclaim deed was executed by E. J. Sullivan and Leona Sullivan, his wife, to the plaintiff herein, conveying all their interest in the real estate involved herein, subject to paving assessments, and this deed was recorded in the office of the county recorder of Iowa county on the 4th day of April, 1931.

The plaintiff-appellee contends, and the trial court so held, that the said real estate is not now subject to the lien of the special assessments which were levied against the same by the city of Marengo in the year 1920. Plaintiff's contention is based upon three different grounds: First, that the lien for said special assessments was terminated by the failure of the county treasurer to enter the amount of such delinquent special paving taxes opposite the description of the said real estate upon the tax lists for the years 1921 to 1927, inclusive; second, that the sale of said real estate at the tax sale in December, 1927, for the general taxes against the same, in law amounts to a payment of all delinquent special taxes as well

as general taxes; third, that more than five years elapsed from the time the last of said delinquent installments of said special assessments became due, and that any action to enforce payment of same is now barred by the statute of limitations. If any one of these grounds is good, the plaintiff-appellee must prevail and this appeal must be affirmed.

The statutes which were in force during the period from 1920 to 1927, inclusive, governing the duty of the county treasurer to enter all delinquent real estate taxes opposite the description of the real estate in the tax list for each year are section 4641 of the Code of 1919, [S., '13, section 1389-d] and section 7193 of the Code of 1924. These sections are identical, and are as follows:

"  *   *   * The treasurer shall each year, upon receiving the tax list, enter upon the same in separate columns opposite each parcel of real estate on which the tax remains unpaid for any previous year, the amount of such unpaid tax, and unless such delinquent real estate tax is so brought forward and entered it shall cease to be a lien upon the real estate upon which the same was levied, and upon any other real estate of the owner. But to preserve such lien it shall only be necessary to enter such tax, as aforesaid, opposite any tract upon which it was a lien. Any sale for the whole or any part of such delinquent tax not so entered shall be invalid."

Appellee contends that, because such delinquent special assessments were not so brought forward and entered upon the tax lists for the years 1921 to 1927, inclusive, the lien upon the real estate upon which the same was levied has been lost. Appellant contends that the special assessments involved herein were not contemplated by the legislature when enacting the statute above quoted, and are not included within the meaning of the word "tax" as therein used. Appellant further contends that under section 6008 of the Code of 1924, and laws theretofore in force, the said special assessments became a lien against the real estate involved when they were certified to and filed with the county auditor, and that they remain a lien until paid. It is true that the word "tax" or "taxes" does not always include special assessments against property on account of special benefits conferred. Munn v. Board of Supervisors, 161 Iowa 26, 141 N. W. 711. However, that special assessments are included along with other taxes under the provisions of section 4641, Code

of 1919, and section 7193, Code of 1924, seems to have been settled by Fitzgerald v. City of Sioux City, 125 Iowa 396, 101 N. W. 268, 271, and Holleran v. Toenningsen, 178 Iowa 1365, 161 N. W. 25, 26. In the Fitzgerald case, which, like the case at bar, was a suit to quiet title to certain lots in the city of Sioux City, the defendant city claimed that the property was still subject to certain special assessments made against it for street improvement purposes. The plaintiff had purchased the real estate in question at the tax sale for the year 1897, for taxes against it for the years 1892 to 1896, inclusive. In the years 1890 and 1891, the defendant city had levied special grading and paving taxes against the property which were payable in installments due in ninety days, two years, four years, six years, and eight years from the date of levy. Said special assessments had been certified to the county treasurer for collection, as by statute provided. At the time of the sale two such installments were due. The statute in force at that time in reference to sales of real estate directed the county treasurer "to offer and sell at public sale to the highest bidder all real estate which remains liable to sale for delinquent taxes". In discussing the question whether such statute included the special assessments, we said:

"It is perfectly plain that if section 1425 of the Code refers, or should be made applicable to, assessments for street improvements, plaintiff's case is won. Surely it applies to ordinary city taxes, and, if the city elects to collect its special assessments through the county officials by tax sale, we know of no reason why it should not be made applicable to these assessments. That such was the legislative intent was manifest, we think, from the provision of the law which says that the purchaser at tax sale shall take the property subject to the lien of unpaid installments of special assessments."

In that case, also, the county treasurer failed to bring the remaining two installments forward upon the tax list after the sale in 1897, and we further said:

"But there are other reasons why the city's lien is extinguished. The taxes were not brought forward after the sale in 1897, as required by law, and they for that reason alone, ceased to be a lien on the property. Talcott v. Noel, 107 Iowa 470, 78 N. W. 39."

The Holleran case also involved a special assessment levied by the city of Lyons against real estate for a street improvement.

The assessment was certified by the city treasurer to the county treasurer for collection in October, 1908. The county treasurer entered the special assessment upon his list for 1908, and at the tax sale following offered it for sale without securing bids therefor. In making up the tax books the following year, 1909, the delinquent special assessments were not carried forward into such books, as required by the statute then in force, which was almost identical with the present statute, nor were these special assessments advertised or offered for sale that year. In 1912 the property was again offered for sale and sold. Action was then brought by the owner to restrain the issuance of certificates on the grounds, among others, that, because of the failure of the county treasurer to bring forward the delinquent assessments upon the tax books for the year 1909, the lien thereof became extinct and a subsequent sale thereof was invalid; and because the last of such installments having been due in 1906, all such installments were due and payable more than five years before the time of sale in 1912, and their collection was barred by the statute of limitations. In affirming the decree of the trial court and holding the sale invalid, we said:

"Upon the effect of the statute of limitations, as well as of the failure to bring forward the delinquent assessments upon the tax books, the case of Fitzgerald v. Sioux City, 125 Iowa 396, 403, 101 N. W. 268, would seem to be decisive. The statute which makes it the duty of the treasurer to bring forward delinquent taxes provides that, unless such tax is so brought forward and entered, it shall cease to be a lien upon the real estate upon which the same was levied. Code, section 1389. The admitted failure in this respect operated, therefore, to automatically remove the lien, and, the lien once lost, the right and authority to sell the property for its enforcement was lost with it. The fact that in a subsequent year the county treasurer assumed to again enter the assessment upon his books against the property could not operate to restore to life a lien which, by the terms of the statute, had theretofore ceased to exist."

Appellant further contends that, since the statute provides that when such special assessments have been levied and certified by the county auditor they shall become and remain a lien until paid, an intention is evidenced on the part of the Legislature that nothing except payment can ever terminate the lien of such special assess-

ments. In the case of Preston v. Van Gorder, 31 Iowa 250, the statute then in effect provided that

"on the first day of February the unpaid taxes, of whatever description, for the preceding year shall become delinquent, * * * and taxes upon real property are hereby made a perpetual lien thereupon against all persons, except the United States and this State".

At the November sale, 1867, said lands were sold to the plaintiff for the delinquent taxes for the year 1866. Thereafter, the treasurer advertised the same lands for sale for delinquent taxes thereon for years prior to 1866. By statute the treasurer was required to sell all lands on which taxes of any description for the preceding year or years were delinquent and the statute provided that such sale be made for and in payment of the total amount of taxes unpaid upon such real property. In considering the question as to whether such sale for the taxes for the year 1866 divested the lien of taxes for prior years which were not included in such sale, we said:

"We have thus recited the various portions of the statute, from which our conclusions are to be deduced; and it will be seen, in the first place, that the taxes levied on lands are made a 'perpetual lien thereon.' This must be understood, of course, as a lien continuing until divested in the manner provided by law."

It would seem that the statute which made taxes a perpetual lien was fully as strong in its terms as the statute which makes special assessments a lien until paid. In this case, as in the Preston case, we are of the opinion that the provision that such special assessments should be a lien until paid must be understood as meaning that they would be a lien until divested in the manner provided by law. Since section 7193 provides a condition under which the lien of taxes shall be divested, and as, under the holding of the Fitzgerald and Holleran cases, this section applies to special assessments as well as other taxes, we are constrained to hold that the lien of the special assessments in this case was divested by the failure of the county treasurer to enter such delinquent special assessments on the tax lists for the years 1921 to 1927, inclusive.

Appellant introduced much evidence and devoted a large part of its argument in showing that the tax records in the office of the treasurer of Iowa county were kept in books and on records pre-

scribed by the state auditor, pursuant to section 111, Code of 1924; that the special assessment tax list was kept upon a special form prescribed by the state auditor, and that the tax list was also kept upon a special form prescribed by the state auditor; and that the keeping of the records of the city treasurer having thus complied with the law, it could not be presumed that the Legislature had intended that the provisions of section 7193 were meant to apply to special assessments. Section 111 provides:

" * * * The auditor of state shall prescribe a uniform system of blanks and forms for all financial accounts, receipts, and reports of all county, city, and town offices, including offices of cities acting under special charter. Said system shall, as far as practicable, follow the classifications and definitions of such transactions in use in the national census office, when not in conflict with the laws of this state. Said blanks and forms shall, by said auditor, be revised, from time to time, in order to render the same more efficient and to meet changes in the law."

There is nothing in this section to indicate that the Legislature meant to repeal or modify any part of section 4641 of the 1919 Code, which was the same as section 7193 of the 1924 Code, or that it meant to empower the auditor of state to dispense with the requirements of the specific provisions of these statutes. To construe this section as in any way authorizing the state auditor to provide and enforce the use of blanks or forms inconsistent with the provisions of the statutes or in violation thereof would be to delegate to the state auditor the power to repeal or abrogate laws which have been enacted by the Legislature and to enact new laws in place thereof. That such was not the intent of the Legislature is without question.

Appellant argues that, under section 825, Code Supp. 1913, which was in force when the assessments were made, the waiver which was signed by the then owner, E. J. Sullivan, created a contract lien, in addition to the lien created by the statute, and that, even if the statutory lien was lost by failure to carry the delinquent assessments forward upon the tax lists, this contract lien still continues to exist. A reading of the statute and of the waiver fails to show anything indicating that a special contract lien is created in addition to the statutory lien, and the only authority cited by appellant on this point fails to sustain this contention.

Appellant finally argues that chapter 184 of the 44th General Assembly, which became effective April 25, 1931, legalized the use of the official prescribed forms and the keeping of a special assessment book separate and apart from the yearly tax record and list, and declares sections 7145 to 7193 of the Code inoperative as to special assessments. This act does not pretend to restore or reimpose liens that have already been lost, and comes too late to be of any avail to the appellant. As said in the Holleran case:

"The admitted failure in this respect [to carry the delinquent assessments forward on the tax list] operated, therefore, to automatically remove the lien, and, the lien once lost, the right and authority to sell the property for its enforcement was lost with it."

In view of the decision reached, it is unnecessary to discuss the other propositions presented by the appellee.

The decree and judgment of the trial court is affirmed.

ALBERT, C. J., and EVANS, KINDIG, and CLAUSSEN, JJ., concur.