HAWKEYE LIFE INSURANCE COMPANY, Appellee and Cross-
Appellant, v. ALLEN MUNN, Treasurer of Polk County,
et al., Appellees, WILLIAM R. ELDER, et al.,
Appellants.

No. 43558.

MARCH 9, 1937.

REHEARING DENIED JUNE 18, 1937.

H. H. Griffiths, for appellants.

Harding, Ruffcorn & Jones, and H. W. Hanson, for appellee Hawkeye Life Insurance Co.

George Harnagel, for Hawkeye Loan & Brokerage Co.

Carl A. Burkman, County Attorney, for Allen Munn, County Treasurer.

SAGER, J.—This controversy arises chiefly because of a mistake in the description of appellants' property, which mistake seems not to have been discovered by the owners or the public authorities until shortly before this controversy arose.

On December 22, 1924, the city of Des Moines issued a special assessment certificate, known throughout the record as No. 2701½, for street improvements previously made. This certificate came into the hands of appellee and affords the basis of this controversy. In the certificate the property to be charged was the south 80 feet of the north 105 feet of the east 145 feet of the west 178 feet of O. P. lot 19, in sec. 16-78-24. On December 2, 1930, the county treasurer sold at regular tax sale to the defendant McKeon (who later assigned the tax sale certificate in question to the brokerage company) "the *north* 80 feet of the west 145 feet of said lot 19." The brokerage company after the period of redemption had expired served notice thereof, but before the deed was delivered appellee interposed this action.

The description used by the county treasurer in the tax sale certificate was such as to include a half (33 feet) of S. W. 12th

street on the west, and a half (25 feet) of Davis avenue on the north, which streets the parties hereto admit could not be sold for taxes. The result, in effect, was that the brokerage company held a certificate for a tract 112 feet east and west by 55 feet north and south, to which it claims the right to a deed, leaving an L-shaped tract 145 feet by 80 feet south and east of it still owned by appellants Elder, and to which appellee claims a lien under its certificate No. 2701½.

The outcome of the controversy turns on the proper construction of the various statutes relating to the assessment of general taxes and of special assessments, and the legal method of collecting both.

While there is some suggestion in the record that the proceedings which resulted in the certification of the special assessment to the county auditor were not regular, no serious argument is made on this complaint; but it is urged that the owner's name does not appear in the certificate issued in payment for paving done, as required by sections 6034, 6104, and 6105 of the Code, 1935, which are identical with the sections of the same numbers in the Code of 1931, in force when this controversy arose. Likewise, it is claimed that the special assessment was not valid because of not complying with section 7145 and section 7193, which specify what the tax list must contain; or, if the assessment was ever a lien it was lost because of failure to carry delinquencies forward according to the provisions of section 7193 of the Code.

Section 6228 of the Code provides for the sale of property for delinquent special assessments, and requires that such sale be made at the same time and in the same manner as such sales are made for general taxes; and it is under a sale made within the provisions of this section that the brokerage company claims its right to a deed.

Appellants Elder argue strenuously that because of the delinquent installments of assessments not having been carried forward under the provisions of section 7193 of the Code, any lien which may have previously existed was lost. It appears, however, that all assessments due under certificate No. 2701½ were paid except Nos. 8, 9, and 10, which were payable with the regular taxes in March of 1932, 1933, and 1934, respectively. Prior to April 30, 1931, when chapter 184 of the Acts of the Forty-fourth General Assembly went into effect, there seems to have been no special provision with reference to the records to be

kept of special assessments, though in our decisions they were regarded in the same manner as were general taxes, and the statute with reference to carrying forward delinquencies was applied to them as to other taxes. It appears from the record that the practice of the county treasurer's office of Polk county had been to enter in red ink in a column headed "Spec. and sales", presumably meaning "specials and sales", in the regular tax list, a notation of the number of any special assessment certificates chargeable against any specific property. In addition to this the treasurer's office maintained a separate book, not provided for by statute but which served the purpose of keeping the office force informed of the status of any special assessments, and which record was in substantially the form now required by chapter 184 of the Acts of the Forty-fourth General Assembly, appearing in the Code as sections 7193-d1 to 7193-d5, inclusive. So far as the record discloses, after the enactment of the law just referred to, the treasurer of Polk county made no change in the bookkeeping methods of his office, nor, so far as appears, used any other book or method of keeping the record of the remaining installments due on certificate No. 2701½ than had theretofore been followed.

Since all installments due prior to 1931 had been paid, we are now confronted with the question as to whether a failure on the part of the county auditor and the county treasurer to provide the books and to make the records now required by sections 7193-d1 to 7193-d4 of the Code should have the effect of defeating appellee's assessment lien. We decline to so hold. It is to be noted that section 7193-d5 of the same enactment provides that section 7145 (specifying the make-up of the general tax list) and section 7193 (which declares that failure to carry forward any delinquency on the tax list shall be invalid) are expressly excluded from having any application to special assessment levies. Without going into detail, it appears that the method adopted by the office of the treasurer of Polk county was so nearly like that required by the enactment last referred to as to suggest that it might have formed a pattern for that statute. It is true that the certificate of assessment appearing in this record as Exhibit A does not contain the name of the owner of the property, as required by section 6105. As has been pointed out, no serious question is made as to the sufficiency of the certification of the assessment to the county auditor from which the county treasurer

made up his so-called assessment record. No one was misled by the state of the record, nor would there have been any difficulty had inquiry been suggested in finding the nature and extent of a levy, the correct description of the property, and its owner. It has already been pointed out there was no requirement of statute that a record of the assessment be kept such as is required since April 1931. We have no disposition to relax the rule laid down by this court that tax statutes shall be strictly construed. An examination of our decisions cited by the contending parties to this litigation discloses that they do not require it. We have examined all these citations, and none of them, when considered in the light of the provisions of chapter 184 of the Acts of the Forty-fourth General Assembly above cited, demands a different conclusion from that here announced.

A brief analysis of the cases cited, so far as they bear upon the questions with which we are here concerned, follows:

Hawkeye Life Ins. Co. v. Valley-Des Moines Co., 220 Iowa 556, 260 N. W. 669, 105 A. L. R. 1018, holds that a purchaser of street improvement certificates is not entitled to sue in equity for foreclosure of his lien, and that the statutory remedy for enforcement of the tax lien must be followed.

Judd v. Anderson, 51 Iowa 345, 1 N. W. 677, decided that a tax deed cannot be made to cover land not within the assessment under which the sale was had.

In Geil v. Babb, 214 Iowa 263, 242 N. W. 34, we held that the requirements of the statute with reference to notice of expiration of redemption from tax sale must be strictly followed.

In Huiskamp v. Breen, 220 Iowa 29, 260 N. W. 70, we announced that the requirement of the statute that an entry of amount paid for land at tax sale on register of sales in ink is mandatory.

Fitzgerald v. Sioux City, 125 Iowa 396, 101 N. W. 268, applies to special assessments the rule of the statute applicable to general taxes so far as it relates to bringing forward delinquencies from year to year on the tax list.

The last-cited case is followed on this point by Holleran v. Toenningsen, 178 Iowa 1365, 161 N. W. 25, and Wallace v. Gilmore, 216 Iowa 1070, 250 N. W. 105. As already pointed out, chapter 184 of the Acts of the Forty-fourth General Assembly had not been enacted when the situations arose upon which these cases turned.

Bucroft v. City of Council Bluffs, 63 Iowa 646, 19 N. W. 807, held the city liable on its contract for grading, notwithstanding the fact that it had issued special assessment certificates to pay for the work, though it had no power to provide a fund under the law as it then existed to pay such certificates. The city had the power to pay the obligations of its contract from the general fund, and this decision required it to do so.

Iowa Securities Co. v. Barrett, 210 Iowa 53, 230 N. W. 528, announced the doctrine, now well established, that a tax sale for general or ordinary taxes, and a tax deed issued thereon, displaced unmatured special assessment liens which attached prior to said sale.

The rule of this case is followed in Western Securities Co. v. Black Hawk Nat. Bank, 211 Iowa 1304, 231 N. W. 317, and Means v. City of Boone, 214 Iowa 948, 241 N. W. 671.

In what has been said herein we have not attempted to meet and answer all the contentions that have been thrown into the briefs of the various parties, but we believe the foregoing disposes of the substantial merits of the case. In its last analysis, under the statutes and the decisions pointed out, we are asked to decide that the plaintiff-appellee should lose the last three installments of certificate No. 2701½ because of a failure on the part of the public authorities to comply with the provisions of a statute enacted in April, 1931, and because of a failure of such authorities to comply with the rules laid down by this court with reference to carrying forward delinquent payments on the general tax list.

In saying this we do not overlook the complaint about the lack of appearance of the owner's name in the certificate. Seven installments were paid before the enactment of the statute by the Forty-fourth General Assembly, and no questions of any kind were raised until this suit was commenced. We do not see our way clear to wiping out the remaining payments. The trial court by its decree sustained the right of the brokerage company to a tax deed to so much of the property as was included within the tax sale proceedings under which it claims (excepting the public streets), and sustained plaintiff-appellee's lien to the L-shaped tract not included in the tax sale. It is argued among other things that because of the loss of a part of the property through the tax sale proceedings appellee's lien should be ratably

reduced, but no authorities are cited to that point, and we see no reason why this contention should be sustained.

Since the decree of the trial court was in conformity with the views expressed in this opinion, we hold that it should be, and it is affirmed.– –Affirmed.

RICHARDS, C. J., and ANDERSON, PARSONS, DONEGAN, KINTZINGER, and HAMILTON, JJ., concur.