J. J. BITTLE, Plaintiff, Appellee, v. MARY E. CAIN, Defendant, Appellant; CITY OF DES MOINES et al., Defendants, Appellees.

No. 44180.

APRIL 5, 1938.

C. S. Missildine, J. R. McManus, and W. B. Lockhart, for appellant.

Harding, Ruffcorn, and Jones, for appellee Bittle.

Carl Burkman, Howard M. Hall, and Chas. Hutchinson, for appellees Polk County, Iowa, and Allen Munn, treasurer of Polk County, Iowa.

Vernon R. Seeburger and Ronald Ryan, for appellee City of Des Moines.

SAGER, J.—Since both parties to this cause rely greatly on the case of Witmer v. Polk County, 222 Iowa 1075, 270 N. W. 323, we may shorten this opinion by a reference to that.

Defendant-appellant claims that the case is not controlling because of its differences from the one at bar. Appellees, on the contrary, insist that its effect is conclusive against the contentions of appellant. We have examined and re-examined this opinion and are satisfied that there is nothing therein which sustains the decree in the instant case. Since the Witmer case speaks for itself we are under no necessity of examining it at length. That decision was based upon the same sale the validity of which is here assailed. Therein this court, by Mitchell, J., refused to quiet the title of Witmer against the alleged invalid sale for some of the reasons urged here and others which need not now be considered.

These facts, we think, are sufficient to distinguish the Witmer case from the one we are called on here to decide. In that case the plaintiff brought an action to cancel certain delinquent taxes against real estate *of which she was the owner*. She asked the trial court to enjoin the defendants, Polk County and others, from taking or attempting to take a tax deed to said property. She challenged the constitutionality of the so-called pub-

lic bidder law. On that proposition it was argued that the enactment of the law, in its progress through the legislature, failed to meet constitutional requirements. This claim that opinion rejected.

■■■ In the case before us appellant, Mrs. Cain, was only a mortgagee at the time these taxes were levied, under no personal or legal obligation to pay them. She acquired title after the tax sale by taking from her mortgagor a deed in satisfaction of the debt, paying apparently some further consideration which need not be stated. It must be assumed, we think, in the absence of proof to the contrary, that appellant paid the taxes properly levied against her mortgage. In so doing she discharged every obligation she then owed the public. She makes no question of her duty to pay taxes on the real estate since she acquired the title.

Appellant is the holder of the legal title and in this action asks nothing but that she be undisturbed in her possession until someone with a superior title appears to dispossess her. No affirmative relief is asked.

She challenges plaintiff-appellee's right under the record here to sue to quiet as against her, and in this contention we are satisfied that she is right; and the Witmer case is no authority for holding to the contrary. Aside from the decision on the constitutional question already referred to, the Witmer case decides only that a person who has failed to pay or tender the taxes for which he was liable may not maintain an action to quiet title or to set aside a tax sale or levy without tendering or paying the amount actually due. An examination of the citations and the language of that decision will show that Mitchell, J., over and over again, puts forward the thought that *the owner* must pay the taxes legally assessed against *his* property as a condition precedent to setting aside a deed in an action brought by him.

The idea is emphasized in that opinion (222 Iowa 1075, at page 1078, 270 N. W. 323, 325) in language quoted from Gardner v. Early, 69 Iowa 42, 28 N. W. 427, as follows:

" 'In discussing this question it will be assumed that the taxes at the time of the sale had ceased to be a lien, but it does not follow that, *against the owner*, no lien could be subsequently acquired by bringing forward the taxes, and entering them in

the tax-book for some subsequent year. Be this as it may, the failure to bring forward the taxes clearly did not amount to payment; and, this being so, *the owner remained liable to pay the same to the county,* and such liability without doubt could have been enforced.' '' (Italics ours.)

Quoting further from the Gardner case, this appears:

'' 'The sale and deed, however, are invalid, but the purchaser has discharged a debt which the owner was bound to pay.' ''

Other parts of the quotation emphasize the difference between the Witmer case and this, as will a reading of the other cases cited by Mitchell, J.

This court in that opinion proceeds then to state (222 Iowa 1075, at page 1080, 270 N. W. 323, 326) :

*"Being the owner of the property,* it was her duty to pay the taxes. They were her obligation. The taxes levied were duly levied for the purpose of carrying on the various agencies and branches of government. Continuation of our school system, of our law-enforcing bodies, of the very government itself, depends upon the payment of taxes *by those who own property.* Appellant is not making this claim as a defense in a suit brought by the county or any other purchaser against her, but has come into a court of equity, asking affirmative relief and asking that because of the failure of the county treasurer to do what the law requires him to do she be relieved from paying taxes properly levied. * * * No third party or innocent purchaser is here involved. *The one who is seeking the relief is the one who owes the taxes.* Before she is entitled to this relief she must do equity. She must offer to pay or tender the taxes, and until that is done equity will not set aside the tax sale." (Italics again inserted.)

What has been said would seem to be sufficient to indicate the difference between the situation of the plaintiff in the Witmer case and that of appellant here. Further discussion of that would seem to be unnecessary.

But appellees argue that the conclusive character which the statute attributes to tax deeds forbids any investigation of the validity of the proceedings antecedent to its issuance. We

are not disposed to adopt the rule that one in appellant's position may not contest the validity of a tax deed without tendering the amount in controversy. We are not deciding any constitutional question suggested by this record. Plaintiff-appellee says appellant may not appeal to the courts without paying or tendering the taxes for which it is claimed this property was sold. This is a proposition with which we do not agree. Reduced to its elementals, it means only this: the defendant summoned to appear by the plaintiff may not enter the temple of justice without first paying or offering to pay the very matter in controversy; or if he has been admitted he may not plead his cause until he takes the same course. If he pays he has nothing to contend for. If he offers to pay and his adversary accepts the tender, he is, in effect, told that there is nothing to litigate. It seems to the writer of this opinion that a bare statement of such a proposition is its own answer.

It was urged in the Witmer case that the sale was invalid because delinquent taxes under which the property was sold were not carried forward upon the tax list; also that the sale was invalid because the attempted adjournments of the sale were not legal and were void. Both of these propositions were expressly excluded from consideration in sustaining the decision of the trial court.

 We are therefore called upon to inquire whether, in the instant case, the taxes were carried forward as required by law; and if they were not, what was the legal effect of such failure. That the delinquent taxes were not brought forward is, to our minds, abundantly proven, if not actually conceded by appellees. There is some matter in the record which could have been offered by defendant-appellees as an excuse for this failure, to wit, that the press of work in entering and bringing forward taxes for different reasons was so great as to make it utterly impossible for the treasurer's force in Polk county to complete the bringing forward of the list as required. We cannot admit that this is an excuse for failure to comply with the provisions of section 7193 of the Code, which reads as follows:

"The treasurer shall each year, upon receiving the tax list, enter upon the same in separate columns opposite each parcel of real estate on which the tax remains unpaid for any previous year, the amount of such unpaid tax, and unless such delin-

quent real estate tax is so brought forward and entered it shall cease to be a lien upon the real estate upon which the same was levied, and upon any other real estate of the owner. But to preserve such lien it shall only be necessary to enter such tax, as aforesaid, opposite any tract upon which it was a lien. Any sale for the whole or any part of such delinquent tax not so entered shall be invalid."

■■■ If we open the door to any such practice it is not difficult to imagine how easy an avoidance of the requirements of the statute would be. We have said in the past that public officers are as much bound by the statutes as are the common citizens who must bear the burdens of taxation. We have no disposition to encourage an escape from the taxes necessary to sustain our state and national governments, with the various agencies which they employ; and so far as it can be done within the limits of the power conferred by the legislature, we will lend our aid to the collection of the revenues upon which the state must depend. But here we find no compliance with the statute, and we may not disregard the command of the legislature thus expressed in the last-cited section of the Code:

"* * * unless such delinquent real estate tax is so brought forward and entered it shall cease to be a lien upon the real estate upon which the same was levied, * * * Any sale for the whole or any part of such delinquent tax not so entered shall be invalid."

As bearing on this question, see, Wallace v. Gilmore, 216 Iowa 1070, 250 N. W. 105; Schoenwetter v. Oxley, 213 Iowa 528, 239 N. W. 118.

This view of the statute makes it unnecessary for us to consider appellant's claim that the purported tax sale and deed issued under it were invalid for the reason that the county treasurer, without statutory authority, adjourned the sale time after time, from January 7 to May 6, 1935, having offered none of the property for sale before making these various adjournments. It may not be out of place, however, to suggest, without deciding, that such a practice offers so many opportunities to inflict injustice upon property owners that it should not be encouraged. If the treasurer may, from time to time and without giving opportunity to the public to bid, adjourn without restraint to

other dates, prospective buyers might well become discouraged and refuse further to attend at adjourned dates.

Plaintiff-appellee says in his reply that: "* * * the lien of the delinquent general tax for which the property described in plaintiff's petition was sold was never lost and that therefore the sale was valid." Without deciding this question now, we are disposed to accept this claim for the purpose of this case. If it be sound, the state and its municipal subdivision will suffer no loss, although it might require another sale in compliance with the statutory provisions. General taxes against this lot 37 were all that were involved in this sale. This no one really disputes, although the inference may be drawn from the record that the special assessments sustain the tax deed.

We are under no necessity of deciding, and we do not do so, the question as to what the status of the special assessment is; and we are therefore not called upon to determine the effect of section 7193-d5 of the Code of 1931. It is a rule of law so familiar as to require no citation of authority to sustain it that one who seeks to quiet title must succeed on the strength of his own title rather than upon the weakness of that of his adversary. Having seen that this sale was made on an assessment the lien of which was lost by reason of the failure to bring forward delinquent taxes, plaintiff-appellee's title failed, without reference to the strength or weakness of appellant's title.

We have not overlooked the suggestion of appellees that we pass this question to the Supreme Court of the United States, where, as they claim, appellant is planning to go. We decline to accept the invitation, or to avoid the responsibility imposed upon us by this appeal, even at the risk that the federal court may hold that the writer of this opinion has misconceived the law.

We have not overlooked appellant's contention that the burden of proof was upon the plaintiff-appellee and that officers of the law are presumed to have discharged their duties in accordance with the law.

Other arguments are put forward by appellees, all of which have been considered. These are disposed of by what has already been said.

It follows that the decision of the trial court is reversed.—Reversed.

DONEGAN, MITCHELL, KINTZINGER, and HAMILTON, JJ., concur.