VENA FLANDERS, Appellee, v. INTER-OCEAN REINSURANCE COMPANY, Appellant; MRS. NELLIE McDONOUGH
et al., Appellees.

No. 45128.

JUNE 18, 1940.

REHEARING DENIED SEPTEMBER 27, 1940.

T. C. Jones, for plaintiff-appellee.

William M. Dallas and Donnelly, Lynch, Anderson & Lynch, for appellant.

F. T. Van Liew, S. E. Orebaugh, Francis J. Kuble, and Howard M. Hall, for appellees.

MILLER, J.—This is an action in equity to quiet title to certain real estate situated in the City of Des Moines. Plaintiff's petition alleges that she is the owner of the real estate in question, having acquired a tax title; that the claims of defendants are inferior to the title of plaintiff; the prayer is that title be quieted in plaintiff.

Defendant Inter-Ocean Reinsurance Company alone filed answer. It asserted that it is the holder of certain special assessment certificates; that the lien evidenced by such certificates is still a valid lien upon the real estate. It admitted plaintiff's tax title, but asserted that, at the time of the tax sale, the taxes had not been brought forward and the lien for such taxes had been lost so that the tax title, upon which plaintiff relies, is subject to defendant's lien. The prayer was that the action be dismissed as to such defendant and that its special assessment lien be confirmed.

Plaintiff filed a motion to dismiss the answer, asserting that the defendant's only remedy was to redeem under section 6041 of the Code, that defendant failed to avail itself of such remedy and, by virtue of section 7290 of the Code, defendant is precluded from attacking the validity of plaintiff's tax title. The motion to dismiss was sustained, and, the defendant electing to stand upon the ruling, a decree was entered quieting title to the real estate in the plaintiff, from which decree the defendant Inter-Ocean Reinsurance Company has appealed.

The tax sale involved herein has been before this court for consideration on four previous occasions. Witmer v. Polk County, 222 Iowa 1075, 270 N. W. 323; McClelland v. Polk County, 225 Iowa 177, 279 N. W. 423; Bittle v. Cain, 224 Iowa

1332, 278 N. W. 608; Bennett v. Greenwalt, 226 Iowa 1113, 286 N. W. 722. These cases recognize that, prior to this tax sale, the general taxes had not been brought forward, and, under section 7193 of the Code, had ceased to be a lien. In the case of Holleran v. Toenningsen, 178 Iowa 1365, 1368, 161 N. W. 25, 26, we held that, once the lien was so lost, it could not be restored, stating as follows:

"The statute which makes it the duty of the treasurer to bring forward delinquent taxes provides that, unless such tax is so brought forward and entered, it shall cease to be a lien upon the real estate upon which the same was levied. Code section 1389. The admitted failure in this respect operated, therefore, to automatically remove the lien, and, the lien once lost, the right and authority to sell the property for its enforcement was lost with it. The fact that in a subsequent year the county treasurer assumed to again enter the assessment upon his books against the property could not operate to restore to life a lien which, by the terms of the statute, had theretofore ceased to exist."

Since the taxes had ceased to be a lien, the purchaser at the tax sale purchased only a claim against the owner for such unpaid taxes. Except as to such claim against the owner, the sale was invalid, void and of no force and effect. This proposition was recognized by us in the case of Gardner v. Early, 69 Iowa 42, 44, 28 N. W. 427, 428, wherein we state:

"When the tax-list was placed in the hands of the treasurer, on the first day of November, 1876, the tax of 1875 was delinquent and unpaid. He therefore was required to enter on the tax book or list for 1876 the fact that the taxes for 1875 were unpaid. This he failed to do, and the consequence of such failure is declared to be that the sale for such taxes shall be invalid. *There is no ambiguity in the statute. Its meaning is clear and certain, and leaves no room for construction. The sale is invalid and void, and without force and effect,* at the option of the owner of the patent title, *for want of power to make it,*

and yet it may be true that the sale and deed would ripen into a perfect title by reason of the lapse of time. Code, §902; Trulock v. Bentley, 67 Iowa, 602. The power to make the sale is not derived from the tax-list, but from the statute. Abell v. Cross, 17 Iowa, 171; Preston v. Van Gorder, 31 Ia. 250; Parker v. Sexton, 29 Ia. 421. If no such power can be found in the statute, then it does not exist.

"The power to sell is undoubtedly conferred on the treasurer by statute, but, when exercised under the circumstances above stated, the statute in express terms declares the sale to be invalid. This, it seems to us, is an end of the inquiry. At least this court has so held and determined in Cummings v. Easton, 46 Iowa, 183; Hough v. Easley, 47 Ia. 330; Jiska v. Ringgold Co., 57 Ia. 630; Parker v. Cochran, 64 Ia. 757."

In that case, however, we held, *as to the owner*, that, since the taxes were legally assessed, he was under a duty to pay them and hence, *as to him*, the sale was voidable only and could not be challenged unless he paid or offered to pay the taxes. The rule there announced has been repeatedly followed by this court. The most recent application of the rule appears to be the case of Witmer v. Polk County, supra, wherein the authorities are collected and reviewed. The question here presented for our decision is whether we are to adhere to the pronouncement made in Gardner v. Early, supra; to the effect that, under the plain mandate of the statute, the lien having been lost, the sale was invalid and void and without force and effect, except in so far as the duty to pay the taxes might be enforced against the owner.

We have repeatedly recognized that, where there is a sale for ordinary taxes, the lien of which is superior to special assessment liens, a tax deed executed and delivered in pursuance of such sale destroys the liens of the special assessments. Harrington v. Valley Savings Bank, 119 Iowa 312, 93 N. W. 347; Iowa Securities Co. v. Barrett, 210 Iowa 53, 230 N. W. 528; Fergason v. Aitken, 220 Iowa 1154, 263 N. W. 850; Means v. Inc. City of Boone, 214 Iowa 948, 241 N. W. 671. These

cases, however, are founded upon statutory provisions which relate to a valid tax sale wherein the lien has not been lost. They do not relate to a sale such as here before us, where the lien has been lost.

We have heretofore recognized that a tax sale may be subject to paramount liens. In the case of Bibbins v. Clark & Co., 90 Iowa 230, 57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278, the tax sale had been had to enforce the lien for personal taxes. We held that such lien was inferior to a mortgage lien which attached before the lien for personal taxes. To the same effect, see Bibbins v. Polk County, 100 Iowa 493, 69 N. W. 1007. In the case of Bittle v. Cain, supra, which involved the same tax sale that is now before us, we held that, since the lien for the taxes had been lost, the sale for such taxes was subject to the lien of a mortgage and refused to permit the holder of the tax title to quiet title against the lien of such mortgage. Accordingly, it is clear that the tax sale was subject to and did not cut off the lien which is evidenced by appellant's special assessment certificate.

This brings us to the question whether appellant is foreclosed from defending its lien by the provisions of section 7290 of the Code. In the case of Gray v. Morin, 218 Iowa 540, 255 N. W. 631, we held that such section of the Code precluded the holder of a special assessment certificate from defending such lien in an action to quiet title, wherein the plaintiff was the holder of a tax title and based our decision on section 7290 of the Code. However, in that case the lien for taxes had not been lost at the time of the sale, the sale and the issuance of the tax deed were regular in all respects, the tax title destroyed the assessment lien. A very different question is presented here.

In the case of Hawkeye Life Ins. Co. v. Valley-Des Moines Co., 220 Iowa 556, 565, 260 N. W. 669, 674, 105 A. L. R. 1018, an action was brought by the holders of certain special assessment certificates to set aside a tax deed, to confirm the liens of the special assessments and to foreclose such liens. Relief was granted. It appeared that the tax deed was secured by collusion. Accordingly, we held that, as to the holders of the

special assessment certificates, the sale was void. In holding that section 7290 of the Code did not preclude the holders of the special assessment certificates from securing such relief, we state:

"One other question is raised; that is, that the plaintiff has no right to redeem where the property has gone to tax sale, unless it was a former title holder of the property, or had an estate therein. On this point defendants rely on section 7290 of the Code, reading as follows:

" 'No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title.'

"Having held heretofore in this opinion that the tax deed in controversy was void because issued without power or authority, we think the aforesaid section of the statute has no application to the case before us."

In the case of Bittle v. Cain, supra, section 7290 of the Code was asserted as precluding the holder of a mortgage lien from defending that lien in an action to quiet title based upon a tax deed issued, as aforesaid, pursuant to the same tax sale that is involved herein. The contentions of the appellees in regard to section 7290 of the Code are not set forth in the opinion. Examination of the record, however, discloses that they contended as follows: "Section 7290 above set forth is in itself, we believe, sufficient authority for our contention that the appellant has no standing before this court by reason of the fact that she has not paid the taxes due upon the property in controversy." In holding that such contention was without merit, we state at page 1334 of 224 Iowa, at page 609 of 278 N. W., as follows:

"In the case before us appellant, Mrs. Cain, was only a

mortgagee at the time these taxes were levied, under no personal or legal obligation to pay them. * * *

"Appellant is the holder of the legal title and in this action asks nothing but that she be undisturbed in her possession until someone with a superior title appears to dispossess her. No affirmative relief is asked.

"She challenges plaintiff-appellee's right under the record here to sue to quiet as against her, and in this contention we are satisfied that she is right. * * *

"But appellees argue that the conclusive character which the statute attributes to tax deeds forbids any investigation of the validity of the proceedings antecedent to its issuance. We are not disposed to adopt the rule that one in appellant's position may not contest the validity of a tax deed without tendering the amount in controversy."

In that case, there was a special assessment certificate involved. We did not pass upon the question presented in regard to it, stating at page 1338 of 224 Iowa, at page 611 of 278 N. W., as follows:

"We are under no necessity of deciding, and we do not do so, the question as to what the status of the special assessment is; and we are therefore not called upon to determine the effect of section 7193-d5 of the Code of 1931. It is a rule of law so familiar as to require no citation of authority to sustain it that one who seeks to quiet title must succeed on the strength of his own title rather than upon the weakness of that of his adversary. Having seen that this sale was made on an assessment the lien of which was lost by reason of the failure to bring forward delinquent taxes, plaintiff-appellee's title failed, without reference to the strength or weakness of appellant's title."

We think that the decisions of this court heretofore cited and quoted from clearly demonstrate that the trial court erred in sustaining the motion to dismiss appellant's answer. The lien for the taxes for which the property was sold had been lost. That lien had been prior to the lien of appellant's special assess-

ment certificate. When the lien for general taxes was lost, appellant's lien became paramount. The sale did not destroy appellant's lien and was made subject to it. Appellant was not required to redeem from the sale to protect its lien. As to appellant, the sale was invalid, void and without force and effect. The lien for general taxes having been lost, it could not thereafter be restored. Under such circumstances, section .7290 of the Code does not preclude appellant from defending the lien of its special assessment certificate against plaintiff's action to quiet title based upon a tax sale which was made subject to appellant's prior lien. Plaintiff must succeed on the strength of her title. The answer alleges facts which would make that title subject to appellant's lien.

The motion to dismiss appellant's answer should have been overruled. The court erred in sustaining it. The decree, entered pursuant to such ruling, must be and it is reversed and the cause is remanded for further proceedings in conformity with the views expressed in this opinion.—Reversed and remanded.

MITCHELL, SAGER, STIGER, OLIVER, HALE, and BLISS, JJ., concur.