M. V. SWANSON, Appellee, v. PAGE COUNTY et al., Appellants.

No. 46561.

January 9, 1945.

Rehearing Denied April 6, 1945.

James A. Howard, of Shenandoah, and Stipe & Davidson, of Clarinda, for appellants.

Ferguson & Ferguson, of Shenandoah, for appellee.

Hale, C. J.—Plaintiff on November 9, 1942, filed petition against defendant Page County, and the members of the Board of Supervisors, Treasurer, and Auditor of Page County, alleging that one John Winhafer, during the years 1930, 1931, and 1932 was the owner of Lot 108 in Priest's Addition to Shenandoah; that taxes were levied against said real estate for such years in the amounts of $120.02, $109.44, and $102.44 respectively, which taxes were suspended by the board of supervisors in March 1931, June 1932, and April 1933, the years following the levies; that Winhafer died on April 11, 1932, and under the terms of his will his surviving wife became the owner of said real estate. These facts are not disputed.

Later, on January 28, 1936, the widow, Adelia Winhafer, conveyed said property to plaintiff, who is still the owner. No part of said suspended taxes was ever paid by John Winhafer. No claim for said taxes was ever filed against the estate of John Winhafer.

On May 22, 1942, there was entered on the tax list for Shenandoah, Page County, for the year 1941, the following: "Suspended List I p. 11 May 22-1942." About that time the treasurer, Isaacson, transmitted a statement of the taxes, with interest,

totaling $533.85 to plaintiff. The petition alleges plaintiff, until he received the written statement from the treasurer, had no notice or knowledge of the aforesaid unpaid taxes or of any claim therefor. It is asserted by plaintiff that since he acquired the real estate he had made inquiry of defendants as to the amount of unpaid taxes on said property and had been informed of certain amounts which did not include the above-mentioned taxes, which amounts were paid. In an amendment to his petition plaintiff sets out the fact that the suspended taxes were never brought forward on the tax lists as taxes remaining unpaid until the entry made in May 1942 by the county treasurer, which it is claimed was void. It is further set out in the amendment that certain abstracts had been furnished to plaintiff which contained no reference to the suspended taxes. The petition asks decree finding and determining that neither the real estate described nor the plaintiff is liable for the payment of the suspended taxes; that the decree cancel the entry made on the tax list in 1942; for writ of injunction enjoining defendants from enforcing the collection of said suspended taxes by tax sale or otherwise against plaintiff or the real estate; that the title be quieted in plaintiff and against defendants, and for general equitable relief. Thereafter, in November 1942, a writ of temporary injunction was issued restraining defendants from seeking to enforce the collection of said taxes. Defendants answered by admitting many of the general allegations, noted herein as not disputed, and denying others.

There was trial and decree of the court was entered on November 15, 1943, finding and determining that the lien of the taxes for the years 1930, 1931, and 1932, which were suspended by the board of supervisors, has been lost for the reason that the taxing officers of Page County failed to bring said taxes forward on the tax lists of Page County; that they are not now and have not been at any time since plaintiff became the owner of such real estate a valid charge against the property in question and the lien is not now enforceable against said lot and defendants have no claim therefor against the said real estate or plaintiff. The temporary injunction was made permanent by said decree and defendants were forever enjoined from enforcing or seeking to enforce the collection of said taxes.

Section 6950, Code of 1939, to which much of the controversy relates, is as follows:

"Whenever a person, by reason of age or infirmity, is unable to contribute to the public revenue, such person may file a petition, duly sworn to, with the board of supervisors, stating such fact and giving a statement of property, real and personal, owned or possessed by such applicant, and such other information as the board may require. The board of supervisors may thereupon order the county treasurer to suspend the collection of the taxes assessed against such petitioner, his polls or estate, or both, for the current year, or such board may cancel and remit said taxes, provided, however, that such petition shall first have been approved by the council of the city or town in which the property of the petitioner is located, or by the township trustees of the township in which said property is located."

Section 6952, Code of 1939, provides that when the property upon which the tax has been thus suspended, or any part thereof, shall be sold or shall pass by devise, bequest, or inheritance to any person other than a surviving spouse or minor child of the owner, the taxes shall become due and payable with six per cent interest from the date of such suspension, except that no interest on taxes shall be charged against property or estate of a person receiving or having received old-age assistance, and shall be enforceable against the property or part thereof which does not pass to such spouse or minor child.

Appellants' first contention is that the taxes in question were not delinquent at the time of the commencement of this action. We held in a recent decision, Thompson v. Chambers, 229 Iowa 1265, 296 N. W. 380, that at that time, which was prior to the amendment to section 7193 of the Code, suspended taxes were not delinquent for the collection of which property could be sold pursuant to section 7244. This latter section, which provides for the sale for taxes on the first Monday in December, was amended by chapter 254, Acts of the Forty-ninth General Assembly, which added the words "including all prior suspended taxes." This amendment went into effect July 4, 1941, after the Thompson case had been decided. So that prior to July 4,

1941, property could not be sold at the annual tax sale for suspended taxes. The question of the effect of the amendment is not before us under the facts in this case. The Thompson case referred to property which had not been disposed of by the owner and could not be sold for unpaid taxes. The taxes in the present case, as hereinafter stated, were delinquent.

When did these suspended taxes become delinquent? We hold that so far as the present case is concerned these taxes were in any event delinquent under either of two theories, as to which the members of the court are not in agreement, and, while not necessary to the determination of this case, we consider the question of the time when such suspended taxes were required to be entered upon the treasurer's books of such importance as to be referred to herein.

John Winhafer died on April 11, 1932. From that date on his widow was the owner of the property and the taxes remained suspended. But on January 28, 1936, when the widow conveyed said property to appellee, the taxes became due and payable under the terms of section 6952; and there can be no doubt that thereafter they became delinquent—that is, they were no longer merely suspended, but were delinquent. So that the lien of the suspended taxes after they became delinquent was lost and the taxes rendered uncollectible against the property by reason of the failure to enter such taxes on the treasurer's books. Section 7193, Code of 1939, provides:

"The treasurer shall each year, upon receiving the tax list, enter upon the same in separate columns opposite each parcel of real estate on which the tax remains unpaid for any previous year, the amount of such unpaid tax, and unless such delinquent real estate tax is so brought forward and entered it shall cease to be a lien upon the real estate upon which the same was levied, and upon any other real estate of the owner. But to preserve such lien it shall only be necessary to enter such tax, as aforesaid, opposite any tract upon which it was a lien. Any sale for the whole or any part of such delinquent tax not so entered shall be invalid."

There is a further provision that if the tax list is received less than six months preceding the tax sale, the lien may be

preserved. This section was amended by chapter 215, Acts of the Fiftieth General Assembly, by addition of the words, "if the tax list received each year by the treasurer is such that all delinquent real estate and delinquent personal taxes of any preceding year are shown against each parcel of the real estate on which the tax remains unpaid for any year and the amount of such unpaid tax is shown, the treasurer shall not be required to make any further entry." This amendment, of course, did not change the effect of the section as to having such entry of unpaid taxes brought forward, but simply provided that if the tax books already so showed the proper information no duplicate entry was necessary by the treasurer. That is, the requirement was not so much that the treasurer make the entry but that the books so show.

We have held that unless such taxes are brought forward, in compliance with section 7193, the lien is lost. Holleran v. Toenningsen, 178 Iowa 1365, 161 N. W. 25; Flanders v. Inter-Ocean Reinsurance Co., 228 Iowa 926, 292 N. W. 795; Burchardt v. Scofield, 141 Iowa 336, 117 N. W. 1061, 133 Am. St. Rep. 173. But the question is, In order to preserve the lien, is the treasurer required to enter the suspended taxes each year until they are paid or the property is sold, or merely to enter the suspended taxes when the property passes out of the hands of the widow or the minor child? Under the facts of the instant case we are not called on to decide this and it is a question upon which we do not pass.

But it is the thought of some members of this court that it is the duty of the county treasurer to enter all suspended taxes for each year which remain unpaid for any previous year, and that the words "such delinquent" in section 7193 refer to all unpaid taxes, and that therefore suspended taxes remaining unpaid should be entered on the treasurer's books, although there can be no sale for such suspended taxes until the transfer of title provided for in section 6952, and that unpaid taxes, whether by suspension or failure to pay the same when due, must be shown on the treasurer's books from year to year. On the other hand, it is the opinion of other members of the court that since the third sentence of section 7193, reading, "Any

sale for the whole or any part of such delinquent tax not so entered shall be invalid'' indicates that it is only *delinquent taxes for which the property could be sold* which must be entered, and since, following the rule laid down in Thompson v. Chambers, supra, 229 Iowa 1265, 296 N. W. 380, there could be no sale for suspended taxes because they are not due and payable, it would not be necessary to enter on the treasurer's books such suspended taxes, being taxes for which the property could not be sold, and the treasurer would not be required to enter such taxes until they become due and payable under section 6952. We have, therefore, the two theories: (1) that all suspended taxes should be entered by the treasurer from year to year and (2) that such suspended taxes, though unpaid, do not become delinquent, and are not required to be entered, until there is a transfer to some person other than the surviving spouse or minor child of the owner. The question is one which probably could best be clarified by legislative action.

So, as stated, in the present case the taxes were delinquent under either theory. The fact is that in this case no entry was made of the unpaid taxes or the delinquent taxes by the treasurer after the sale by Adelia Winhafer to appellee until the year 1942 when the suspended taxes were sought to be collected. There is no escaping the conclusion that the lien of the unpaid taxes had then been lost. Appellee had paid all the taxes which appeared on the treasurer's books in the various years following his acquisition of the property and up until 1942, and we are of the opinion that he was not required to do more. Holleran v. Toenningsen, Flanders v. Inter-Ocean Reinsurance Co., and Burchardt v. Scofield, all supra. In the Flanders case, supra, 228 Iowa 926, 928, 292 N. W. 795, 796, the court, after stating that the lien had been lost by failure to enter, quoting from Holleran v. Toenningsen, states:

" '* * * the right and authority to sell the property for its enforcement was lost with it. The fact that in a subsequent year the county treasurer assumed to again enter the assessment upon his books against the property could not operate to restore to life a lien which, by the terms of the statute, had theretofore ceased to exist.' ''

It is true that section 6952.1, Code of 1939, provides that there shall be kept in the county auditor's office a suspended tax list on which he shall enter certain data relative to taxes and polls, the collection of which has been suspended by order of the board of supervisors. But we know of no provision of the Code which requires the taxpayer to examine such books prior to paying his taxes. He has a right to rely upon the treasurer's books, which are supposed to contain the correct amounts due.

Appellant urges that the taxes were duly suspended and entered on the county auditor's suspended tax list and remained a lien on the real estate involved at the time it was conveyed to appellee, of which appellee had constructive notice. We are not inclined so to hold. They cite Flanders v. Inter-Ocean Reinsurance Co., supra, 228 Iowa 926, 292 N. W. 795, and Watkins v. Couch, 142 Iowa 164, 120 N. W. 485. We think neither of these cases supports the proposition. The Watkins case merely provides that under the statutes as they then existed it was necessary to bring forward personal property tax. The former statute had been replaced by a statute which did not require, as does our statute in regard to real estate, that the personal property taxes be brought forward. The case holds that to constitute a valid lien such requirement of the law must be complied with.

We must hold that the suspended tax list was not constructive notice to the taxpayer, not being made so by statute, and that the lien of the tax was lost.

Other matters are referred to by appellants and appellee which we do not find it necessary to discuss. We need not consider the question of whether the appellee was misled by the information as to the amount of taxes given him by the treasurer. We think the matters herein referred to dispose of the case, and the decree of the district court must be, and it is, affirmed.— Affirmed.

All JUSTICES concur.