ROBERT McCLELLAND, Appellant, v. POLK COUNTY et al., Appellees, CITY OF DES MOINES, Intervener.

No. 44045.

MAY 10, 1938.

REHEARING DENIED SEPTEMBER 30, 1938.

C. S. Missildine, H. Pierce Witmer, J. R. McManus, and C. B. Hextell, for appellant.

Carl A. Burkman, Charles Hutchinson, Vernon R. Seeburger, and Ronald L. Ryan, for appellees.

SAGER, J.—This is the third time the tax sale proceedings under investigation here have been before this court.

The first was in Witmer v. Polk County, 222 Iowa 1075, 270 N. W. 323. In that case Mitchell, J., made a thorough and exhaustive examination of our previous decisions on the subject. It is not necessary to go over that field again.

These tax sale proceedings were challenged again in Bittle v. Cain, 224 Iowa 1332, 278 N. W. 608. The latter case followed the reasoning of the Witmer case and applied the principles there announced.

In the case at bar we are called on to pass on the question from still a different viewpoint.

At first sight it might appear that the conclusions heretofore announced in the Witmer and Bittle cases are contradictory and that neither may be sustained except at the expense of the other. An analysis of the opinions in those cases will show that they are not only not contradictory but strictly consistent. In the earlier examinations of the record we found that the delinquent tax lists, upon which the challenged tax sale was had, were not in fact carried forward as required by law; with the result that the lien thereof was lost and the attempted sale invalid.

At this point we quote from the Witmer case, supra:

"Sale was set for January 7, 1935—a matter of just seven days. The treasurer of Polk county, according to his testimony, did not have in his office sufficient help to bring forward the unpaid taxes before that time, and the only notation made where there were unpaid taxes was a green lead-pencil check.

"Because of the facts hereinafter set out we do not pass upon the question of whether or not the failure of the county treasurer to bring forward the amount of the delinquent taxes, as required by statute, caused these taxes to cease to be liens on said properties.

"It is the contention of the appellees that before appellant can have a court of equity set aside a tax sale for delinquent and unpaid taxes, she must pay or offer to pay the delinquent

and unpaid taxes against the property involved. It is conceded that she did not do this. Appellant claims she has a right to maintain this action without paying or tendering to pay the amount of the unpaid taxes.''

The opinion continued with an examination of earlier decisions of this court and, after a careful analysis of them, held that Witmer was not in a position to ask the quieting of the title against delinquent taxes which admittedly should have been paid by plaintiff owner.

In Bittle v. Cain, supra, we reversed the decree of the trial court quieting the title in plaintiff, basing that decision on the reasoning of the Witmer case. We again found that the delinquent taxes had not been carried forward, and that at the time of the attempted sale in the Bittle case no lien existed for which a tax sale could be had. The Bittle case re-asserts the general rule that plaintiff in an action to quiet title must recover on the strength of his own title and not on the weakness of that of his adversary. Defendant in the Bittle case asked no affirmative relief. She contented herself with pleading that the plaintiff had not made out a case to sustain his title. We did not then decide, and we do not now, whether or not the adjournments of the tax sale from time to time were valid.

The instant case differs from both of the preceding decisions in this: Here the plaintiff-appellant actually owed the taxes, as the plaintiff did in the Witmer case. But here plaintiff-appellant goes a step further and offers to do equity in this language which appears in the petition:

''That plaintiff herein does hereby offer to do equity and does hereby tender and offer to pay to the purchasers at said tax sale, who purchased plaintiff's property herein, whatever the court shall decide is due said purchasers for whatever taxes constitute a valid lien upon said properties and were bid or paid by said purchaser at said tax sale and actually paid by said purchasers, and for which the court shall decide the plaintiff is liable to said purchasers.''

Defendants-appellees argue that this tender is not in good faith. Elaborating on this they say:

'' (First) That the plaintiff is offering to pay all taxes which are a lien, and (second) plaintiff offers to pay all taxes

for which the purchaser, which was Polk County, Iowa, actually paid.''

Further in their argument this appears:

''If the appellant is willing to pay the taxes or would pay the taxes that are delinquent on said real estate there would be no occasion or necessity for this action as the period of time in which he has to redeem this property from the Tax Sale has not expired and if he appeared at the County Auditor's Office, in accordance with Section 7272 of the Code of Iowa, he could pay the delinquent tax and the Tax Sale of the said real estate would be automatically set aside. The appellant is, therefore, asking a Court of Equity to have ordered done that which he could voluntarily do himself, and that is, pay the delinquent tax due on the real estate.''

While not accepting appellees' contention in the precise terms in which it is couched, the majority of this court agree with the general import of their claim in this regard. We hold that this so-called tender is disingenuous and fails to bring the appellant within the requirements of the rules laid down in the Witmer case. This being true, it follows that the decision of the trial court should be, and it is, affirmed.—Affirmed.

MITCHELL, ANDERSON, KINTZINGER, HAMILTON, RICHARDS, DONEGAN, and MILLER, JJ., concur.